**COMMONWEALTH of Pennsylvania,**
**Appellant**

**v.**

**Hiram VARGAS, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 26, 2008.

Filed April 21, 2008.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellant.

Jacquelyn A. Barnes, Philadelphia, for appellee.

BEFORE: KLEIN, GANTMAN, and ALLEN, JJ.

OPINION BY GANTMAN, J.:

¶ 1 Appellant, the Commonwealth of Pennsylvania, appeals from the order entered in the Philadelphia County Court of Common Pleas, dismissing all charges against Appellee, Hiram Vargas. We reverse and remand for further proceedings.

¶ 2 The relevant facts and procedural history of this appeal are as follows. On February 18, 2005, Pennsylvania State Police Trooper Robert Ardery began an investigation into child pornography available for download over the internet. Utilizing various networks and file-sharing programs, Trooper Ardery downloaded a video, depicting an adult male having vaginal intercourse with a three-year-old female. After further investigation, the trooper discovered the internet protocol ("IP") address for the individual who made the video available for download. The IP address belonged to a cable user registered at 1403 East Cheltenham Avenue in Philadelphia, Pennsylvania.

¶ 3 On March 18, 2005, the state police executed a search warrant at the East Cheltenham Avenue residence. When the troopers entered the residence, they found eighteen-year-old Appellee [1] and his family members. The troopers also found a computer, cable modem, and two spindles of compact discs. Following the search, Appellee provided the troopers with a written statement, admitting he was the user of the seized computer. Appellee also admitted to operating certain file-sharing programs. Subsequent searches of the computer yielded six child pornography video files.

¶ 4 The Commonwealth filed a criminal complaint, charging Appellee with sexual abuse of children [2] and related offenses. The Commonwealth subsequently filed bills of information, alleging Appellee had committed child pornography offenses on both February 18, 2005 and March 18, 2005. The Commonwealth proceeded to prosecute both sets of offenses in adult criminal court. Appellee, however, filed a motion to quash for lack of jurisdiction on April 28, 2006. In his motion, Appellee argued he was seventeen (17) years old when he allegedly committed the February 18, 2005 offenses. Appellee requested that his case be remanded to juvenile court.

¶ 5 On June 23 and 29, 2006, the court conducted hearings on Appellee's motion to quash. At the June 29th hearing, the

1. Appellee's date of birth is March 9, 1987.

2. 18 Pa.C.S.A. § 6312.

court announced: "I'm actually treating this as a motion to dismiss for lack of adult court jurisdiction and I'm granting the motion." (N.T. Hearing, 6/29/06, at 4). The court later clarified its order: "For now, I am ordering that the defense motion ... is granted as to charges stemming from events which allegedly occurred before [Appellee's] 18th birthday." (*Id.* at 7–8). Thereafter, the Commonwealth proceeded on the bills of information charging Appellee with offenses committed on March 18, 2005, after his eighteenth birthday.

¶ 6 On July 11, 2006, the Commonwealth filed notice of intent to introduce "prior bad acts" evidence. The Commonwealth wanted to introduce evidence of Appellee's actions on February 18, 2005, "in which he shared a known file of child pornography on a network of computers through the internet." (Notice of Intent to Introduce Other Crimes Evidence, filed 7/11/06, at 1). The Commonwealth sought to introduce this evidence "to show [Appellee's] intent in possessing the child pornographic movies, that the possession of said movies was knowing and not a result of any mistake on [Appellee's] part." (*Id.*) Appellee objected to the Commonwealth's evidentiary request. On December 18, 2006, the court ruled that the Commonwealth could not introduce any evidence of acts occurring prior to Appellee's eighteenth birthday.

¶ 7 On January 3, 2007, the Commonwealth filed a motion for reconsideration. The motion stated, in pertinent part:

39. The Commonwealth's theory of the case is that [Appellee] possessed the images of child pornography for his own use and also for the purpose of disseminating them across the internet.

40. [Appellee's] actions prior to his 18th birthday establish the context in which [Appellee] possessed the movies of child pornography on March 18, 2005.

41. The fact that [Appellee] possessed at least one of those movies of child pornography on February 18, 2005, and was knowingly operating a computer program that made it available for other internet users to download is clear evidence that [Appellee] possessed this child pornography not just for his personal use but also for the purpose of disseminating it to other users of the internet.

(Motion for Reconsideration, filed 1/3/07, at 5–6).

¶ 8 On March 12, 2007, Appellee filed a response to the Commonwealth's motion for reconsideration. Appellee argued the Commonwealth wanted to introduce the "prior bad acts" evidence as a way to circumvent the court's June 29, 2006 ruling regarding offenses committed prior to Appellee's eighteenth birthday. At the end of his response, Appellee included a section titled "new matter," which provided:

46. This case should be dismissed as it violates [Appellee's] double jeopardy rights.

47. This case should be dismissed because the Commonwealth has violated the Rules of Discovery by claiming to have other evidence, but not providing counsel with same in order to prepare for trial.

(Appellee's Response to Commonwealth's Motion to Reconsider, filed 3/12/07, at 3).

¶ 9 By order dated March 23, 2007, the court denied the Commonwealth's reconsideration motion and dismissed the charges against Appellee. The Commonwealth subsequently filed a motion to vacate the order dismissing the charges. The Commonwealth claimed there were no double jeopardy or discovery violations, and the court should not have dismissed the charges against Appellee. On April 12, 2007, the court denied the Commonwealth's motion to vacate. The Common-

wealth timely filed its notice of appeal on April 23, 2007.[3] On April 30, 2007, the Commonwealth voluntarily filed a concise statement, pursuant to Pa.R.A.P.1925(b).

¶ 10 The Commonwealth now raises one issue for our review:

DID THE [TRIAL] COURT ERR IN DISMISSING THE CHARGES AGAINST [APPELLEE] BASED ON A PHANTOM "DOUBLE JEOPARDY" VIOLATION?

(Commonwealth's Brief at 2).

¶ 11 "An appeal grounded in double jeopardy raises a question of constitutional law." *Commonwealth v. Wood*, 803 A.2d 217, 220 (Pa.Super.2002) (quoting *Commonwealth v. Mattis*, 454 Pa.Super. 605, 686 A.2d 408, 410 (1996)). "This court's scope of review in making a determination on a question of law is, as always, plenary." *Wood, supra* at 220 (quoting *Mattis, supra* at 410). "As with all questions of law, the appellate standard of review is *de novo* . . . ." *Commonwealth v. Kositi*, 880 A.2d 648, 652 (Pa.Super.2005) (quoting *In re Wilson*, 879 A.2d 199, 214 (Pa.Super.2005) (*en banc* )).

¶ 12 The Commonwealth asserts Appellee has not stood before a tribunal to determine his guilt or innocence on the child pornography charges. Further, the Commonwealth contends Appellee has not been acquitted of, convicted of, or punished for these charges. As such, the Commonwealth argues Appellee has "never even once" been placed in jeopardy. The Commonwealth acknowledges Appellee's double jeopardy argument: his rights would be violated if the Commonwealth introduced evidence of Appellee's possession of child pornography prior to his eigh-

teenth birthday. The Commonwealth, however, claims this argument is meritless, because: 1) the court already prohibited the introduction of such evidence; and 2) Appellee had not been placed in jeopardy for his possession of child pornography as a juvenile. The Commonwealth also maintains its prosecution did not depend entirely on the evidence of Appellee's conduct as a juvenile. The Commonwealth concludes there was no double jeopardy violation, and this Court must reverse the order dismissing the adult charges. We agree.

¶ 13 "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects an individual against successive punishments and successive prosecutions for the same criminal offense." *Commonwealth v. Szebin*, 785 A.2d 103, 104 (Pa.Super.2001), *appeal denied*, 568 Pa. 699, 796 A.2d 982 (2002). "[A]t the heart of double jeopardy jurisprudence is the requirement that an individual demonstrate . . . he . . . has been subjected to the risk of a trial on the merits." *Commonwealth v. Hunter*, 449 Pa.Super. 493, 674 A.2d 306, 307 (1996), *appeal dismissed as improvidently granted*, 549 Pa. 571, 701 A.2d 1356 (1997).

¶ 14 "In Pennsylvania, jeopardy does not attach and the constitutional prohibition against double jeopardy has no application until a defendant stands before a tribunal where guilt or innocence will be determined." *Id.* "In a criminal jury trial, jeopardy attaches when the jury is sworn. In a bench trial, however, jeopardy attaches when the trial court begins to hear the evidence." *Commonwealth v. Micklos*, 448 Pa.Super. 560, 672 A.2d 796, 799 (1996), *appeal denied*, 546 Pa. 678, 686

---

**3.** The Commonwealth's notice of appeal was technically due by April 22, 2007. *See* Pa. R.A.P. 903(a) (stating notice of appeal shall be filed within 30 days after entry of order from which appeal is taken). However, April 22, 2007 was a Sunday. Thus, the Commonwealth timely filed its notice of appeal on Monday, April 23, 2007.

A.2d 1309 (1996) (internal citation omitted).

¶ 15 The definition of sexual abuse of children provides, in pertinent part:

### § 6312. Sexual abuse of children

\* \* \*

**(c) Dissemination of photographs, videotapes, computer depictions and films.—**

(1) Any person who knowingly sells, distributes, delivers, disseminates, transfers, displays or exhibits to others, or who possesses for the purpose of sale, distribution, delivery, dissemination, transfer, display or exhibition to others, any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

\* \* \*

**(d) Possession of child pornography.—**

(1) Any person who knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense.

18 Pa.C.S.A. § 6312(c)(1), (d)(1).

¶ 16 Instantly, the Commonwealth filed bills of information, charging Appellee with offenses related to the dissemination of child pornography on February 18, 2005, and the possession of child pornography on March 18, 2005.[4] Initially, the Commonwealth pursued all charges in adult criminal court. Appellee filed a motion to quash for lack of jurisdiction in adult court. The court granted this motion in part, dismissing the charges for dissemination of child pornography which allegedly occurred on February 18, 2005, before Appellee's eighteenth birthday. This ruling, however, allowed the Commonwealth to proceed on the bills of information charging Appellee with conduct that occurred after his eighteenth birthday. Further, jeopardy did not attach to any of the charges, because Appellee had not yet stood before a tribunal for a determination of guilt or innocence. *See Hunter, supra.*

¶ 17 Thereafter, the Commonwealth pursued the charges stemming from Appellee's possession of child pornography on March 18, 2005. Although the Commonwealth sought to introduce evidence of Appellee's dissemination of the child pornography as a juvenile, the court precluded the Commonwealth from introducing any evidence of acts occurring prior to Appellee's eighteenth birthday. The Commonwealth filed a motion asking the court to reconsider this evidentiary ruling, and Appellee responded by seeking dismissal of the charges on double jeopardy grounds. Ultimately, the court denied the Commonwealth's reconsideration motion and dismissed the charges.

¶ 18 At a hearing conducted on April 12, 2007, the court provided its rationale for dismissing the charges: "Judge Lerner [5] already ruled anything prior to [Appellee's] 18th birthday is not admissible and anything subsequent thereto you declared

---

4. The certified record contains the bills of information charging Appellee with the offenses which occurred on March 18, 2005. The certified record does not include the bills of information charging Appellee with the offenses which occurred on February 18, 2005.

5. A different jurist presided over the case after Judge Lerner's June 29, 2006 ruling.

that he didn't have anything." (N.T. Hearing, 4/12/07, at 12). To the extent the court might have believed that Appellee's double jeopardy rights would somehow be violated if the Commonwealth introduced evidence of Appellee's conduct as a juvenile, this was erroneous. *See Hunter, supra. See also Commonwealth v. McCall*, 567 Pa. 165, 173, 786 A.2d 191, 195–96 (2001) (stating double jeopardy clause does not prohibit introduction of otherwise admissible evidence of prior crime, even where defendant has been acquitted of that crime).

¶ 19 Further, the Commonwealth did have evidence that Appellee possessed child pornography after his eighteenth birthday. Specifically, Trooper Ardery testified that Appellee's computer, seized on March 18, 2005, contained six child pornography video files. (N.T. Preliminary Hearing, 2/21/06, at 16). This testimony established a *prima facie* case that Appellee had violated the "possession" provisions of Section 6312 after his eighteenth birthday. *See* 18 Pa.C.S.A. § 6312(d)(1). Therefore, the court erred by dismissing the charges on double jeopardy grounds. *See Wood, supra.* Accordingly, we reverse the order dismissing the adult charges against Appellee and remand for further proceedings.

¶ 20 Order reversed; case remanded for further proceedings. Jurisdiction is relinquished.