J-S61039-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JIMMY JUNIOR RODRIGUEZ, | : | |
| | : | |
| Appellee | : | No.  585 MDA 2015 |

Appeal from the Order Entered March 2, 2015,
in the Court of Common Pleas of Lycoming County,
Criminal Division, at No(s): CP-41-CR-0000214-2012

BEFORE:    PANELLA, WECHT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED NOVEMBER 16, 2015**

The Commonwealth appeals from the order entered on March 2, 2015 which granted in part and denied in part a motion to dismiss charges filed by Jimmy Junior Rodriguez (Rodriguez).  We reverse the portion of the order that granted Rodriguez's motion and remand for proceedings consistent with this memorandum.

The background underlying this matter was summarized by the trial court as follows.

> The parties do not dispute the relevant facts.  On November 29, 2011, a Penn College student reported that his father's 1993 Honda Civic was stolen from a Penn College parking lot.  On December 2, 2011, police officers from the Pocono Mountain Regional Police were dispatched to 4365 Memorial Boulevard, Tobyhanna, Monroe County, PA in reference to a suspicious vehicle.  The homeowner at that residence reported a vehicle on her property that did not belong there.  The police ran the registration and found that the vehicle was

*Retired Senior Judge assigned to the Superior Court.

the 1993 Honda Civic that had been reported stolen from the Penn College parking lot.

On December 4, 2011, the Pocono Mountain Regional Police filed a criminal complaint against [Rodriguez] in Monroe County charging him with receiving stolen property and conspiring to receive stolen property with two other individuals. [Rodriguez] waived his preliminary hearing on December 7, 2011 and agreed to cooperate and testify against his co-conspirators in exchange for a recommendation for [Accelerated Rehabilitative Disposition (ARD)] on one count and dismissal of the other count.

On December 9, 2011, the Penn College police filed a criminal complaint against [Rodriguez] in Lycoming County charging him with theft by unlawful taking, conspiracy to commit theft by unlawful taking, receiving stolen property and driving under suspension [(DUS)] related to the theft of the 1993 Honda Civic from the Penn College parking lot.

When [Rodriguez] appeared for his co-conspirators' preliminary hearing in Monroe County on January 18, 2012, he was informed that their charges were going to be transferred to Lycoming County.

On March 1, 2012, [Rodriguez] filed a motion to enforce the agreement for ARD in Monroe County.

In connection with the Lycoming County case, on April 9, 2012, [Rodriguez] filed a motion to transfer the case to the Court of Common Pleas of Monroe County.

On May 16, 2012, the Monroe County Court of Common Pleas granted [Rodriguez's] motion to enforce the agreement for ARD. The Commonwealth appealed, but was unsuccessful in overturning that decision. [*Commonwealth v. Rodriguez*, 81 A.3d 999 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 84 A.3d 1063 (Pa. 2014)].

On June 21, 2012, [the Lycoming County trial court] denied [Rodriguez's] motion to transfer the Lycoming County charges to Monroe County.

On June 10, 2014, [Rodriguez] was placed on ARD for six months in Monroe County for the crime of conspiracy to commit receiving stolen property.

On September 8, 2014, [Rodriguez] filed his motion to dismiss the Lycoming County charges [pursuant to both the compulsory joinder rule, 18 Pa.C.S. § 110, and the prohibition against double jeopardy].

Trial Court Opinion, 3/2/2015, at 1-3.

The trial court heard argument on that motion and concluded that the provisions of section 110,[1] the compulsory joinder rule, do not apply in this case "because the former prosecution did not result in an acquittal or conviction as defined in § 109 and the prosecutions did not occur within the same judicial district as required for subparagraph (ii). *Id*. at 4. Instantly, there is no question that the Monroe County prosecution did not result in an

---

[1] In **Commonwealth v. Fithian**, 961 A.2d 66 (Pa. 2008), our Supreme Court set forth the four required elements of the compulsory joinder test:

(1) the former prosecution must have resulted in an acquittal or conviction;

(2) the current prosecution is based upon the same criminal conduct or arose from the same criminal episode as the former prosecution;

(3) the prosecutor was aware of the instant charges before the commencement of the trial on the former charges; and

(4) the current offense occurred within the same judicial district as the former prosecution.

**Commonwealth v. George**, 38 A.3d 893, 896 (Pa. Super. 2012).

- 3 -

acquittal or conviction; thus, the first element of the compulsory joinder test was not satisfied.

However, the trial court entered an order granting the motion to dismiss in part, concluding that "double jeopardy principles preclude the Commonwealth from proceeding against [Rodriguez] on any charges that could be considered the 'same offense' as the charges from Monroe County." *Id*. at 7-8. Thus, the trial court dismissed the Lycoming County charges of theft by unlawful taking, criminal conspiracy, and receiving stolen property. The trial court denied the motion with respect to DUS.[2]

The Commonwealth filed a motion for reconsideration from that order, which was denied. On March 31, 2015, the Commonwealth timely filed an appeal from the trial court order dismissing the charges. Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

On appeal, the Commonwealth argues that principles of double jeopardy do not bar the Lycoming County prosecution in this case. Commonwealth's Brief at 16.

_____

[2] In its statement of jurisdiction, the Commonwealth states that this is an appeal pursuant to 42 Pa.C.S. § 742 ("The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas…"). Commonwealth's Brief at 4. Even though the DUS charge remains pending, we agree with the Commonwealth this order is final with respect to the charges that were dismissed. *See Commonwealth v. Karetny*, 880 A.2d 505, 512 (Pa. 2005) ("[T]he [C]ommonwealth is correct that an order quashing a charge is unquestionably 'final' as to that charge….").

We set forth our well-settled standard of review. "An appeal grounded in double jeopardy raises a question of constitutional law. This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is *de novo*...." ***Commonwealth v. Vargas***, 947 A.2d 777, 780 (Pa. Super. 2008) (citations and quotations omitted).

> The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects an individual against successive punishments and successive prosecutions for the same criminal offense. [A]t the heart of double jeopardy jurisprudence is the requirement that an individual demonstrate … he … has been subjected to the risk of a trial on the merits. In Pennsylvania, jeopardy does not attach and the constitutional prohibition against double jeopardy has no application until a defendant stands before a tribunal where guilt or innocence will be determined.

*Id*. at 780-81 (citations and quotations omitted). Furthermore,

> [t]he double jeopardy prohibition "is often described as a universal principle of reason, justice and conscience." ***Commonwealth v. Bolden***, [] 373 A.2d 90 ([Pa.] 1977) (citations omitted). ***Bolden*** continues:
>
> > Double jeopardy policy is implicated in a variety of procedural contexts. In each of these contexts, the policy against multiple trials has been recognized as central to the double jeopardy clause. The critical consideration is that a defendant should be forced to 'run the gauntlet' of a criminal prosecution only once for a single offense. A criminal prosecution imposes severe psychological, physical and economic burdens on the accused. It is morally wrong for the government to impose these hardships on an individual more than once for a single offense. The double jeopardy prohibition stems from this moral judgment which is deeply held by our society.

*Bolden*, [] 373 A.2d at 104.

"Under the Double Jeopardy Clauses of both the United States and Pennsylvania Constitutions, as well as under the Pennsylvania Crimes Code, a second prosecution for the same offense after acquittal is prohibited." *Commonwealth v. Gibbons*, [] 784 A.2d 776 (2001) (citing U.S. Const. amend. V; Pa. Const. art. I, § 10; 18 Pa. Cons.Stat. § 109(1)).

*Commonwealth v. DeLong*, 879 A.2d 234, 238-39 (Pa. Super. 2005) (footnote omitted).

Instantly, Appellant was admitted into an ARD program in Monroe County. "ARD … is a pretrial disposition of certain cases, in which the attorney for the Commonwealth agrees to suspend prosecution for an agreed upon period of time in exchange for the defendant's successful participation in a rehabilitation program, the content of which is to be determined by the court and applicable statutes." *Commonwealth v. Lutz*, 495 A.2d 928, 931 (Pa. 1985). Furthermore, "[w]hile it is clear that admission into an ARD program generally is not equivalent to a conviction, it equally is clear that the successful completion of such a program is not consistent with a finding of innocence." *Commonwealth v. Bowser*, 624 A.2d 125 (Pa. Super. 1993).

Based on the foregoing, Appellant has not been convicted, acquitted, or even prosecuted for this offense in Monroe County. Thus, principles of double jeopardy, which include a prohibition against successive prosecutions for the same offense, are not at issue here. Accordingly, we hold the trial

court erred in dismissing the charges against Appellant for conspiracy, theft by unlawful taking, and RSP.

Order reversed in part. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/16/2015