J-S78033-17

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P 65.37

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
   :   PENNSYLVANIA
             Appellee   :
   :
             v.   :
   :
GLAVIN JUSTAN IVY,   :
   :
             Appellant   :   No. 852 WDA 2017

Appeal from the Order May 9, 2017
in the Court of Common Pleas of Mercer County,
Criminal Division, at No(s): CP-43-CR-0001513-2016

BEFORE:   OLSON, DUBOW, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   FILED JANUARY 31, 2018

Glavin Justan Ivy (Appellant) appeals from the May 9, 2017 order which denied his motion to dismiss based upon double jeopardy and/or compulsory joinder. Upon review, we affirm.

On May 9, 2014, Appellant was charged by the Hermitage Police Department at CP-43-CR-0000825-2014 (Case 825) with stalking and harassment, related to an incident involving Appellant's ex-girlfriend, C.D.[1] Trial Court Opinion, 5/9/2017, at 1. Specifically, the affidavit of probable cause alleged that Appellant had called C.D's place of employment approximately 50 times. Id.

---

[1] The Commonwealth later withdrew the stalking charge.

*Retired Senior Judge assigned to the Superior Court.

That same day, the Southwest Mercer County Regional Police Department charged Appellant at CP-43-CR-0000855-2014 (Case 855) with two counts of simple assault and one count of terroristic threats. Id. at 2. These charges stemmed from incidents involving Appellant and C.D. from March to May of 2014. Id.

On October 14, 2014, Appellant appeared for a pre-trial conference. That day, Appellant entered a guilty plea to a reduced charge of summary harassment at Case 825. Id. at 3. After conducting and accepting Appellant's colloquy, Appellant was sentenced to 45 to 90 days' incarceration, plus costs and fines. N.T., 10/14/2014, at 12. Simultaneously, the trial court, upon the Commonwealth's motion, nol prossed the charges at Case 855. Id. Pertinent to this appeal, at the guilty plea and sentencing, the following exchange between the Commonwealth, defense counsel, Appellant, and the court occurred on the record:

> Defense Counsel: [Appellant]. He will plead to summary harassment at [Case 825]. The Commonwealth will be recommending time served. He's already done more than 90 days, summary harassment, so plea and sentence.
>
> The Trial Court: At [Case 855]?
>
> Defense Counsel: That's the nol-pros one.
>
> The Trial Court: Is that your understanding, [Commonwealth]?
>
> The Commonwealth: Yes, Your Honor.

* * *

The Trial Court: AND NOW, this 14th day of October 2014, [Appellant] having appeared before th[e trial court] with his counsel, and have voluntarily, knowingly, and intelligently entered a plea of guilty to the offense of harassment, under 18 Pa.C.S. § 2709(a)(3), a summary offense, said plea is accepted. There are no other plea bargains in this case.

\* \* \*

The Trial Court: Do you have any questions?

Appellant: The other case is settled, [Case 855]?

Defense Counsel: Yes, it's nol-prossed.

The Trial Court: Well, no I haven't even nol-prossed it. The matter, at [Case 855], upon motion of the Commonwealth, this case is hereby nol-prossed. By the [c]ourt. Line for signature. Now it's nol-prossed.

N.T., 10/14/2014 at 7, 11-12.

Subsequent to Appellant's guilty plea and sentencing, on November 4, 2016, the Commonwealth filed a 49 count information at CP-43-CR-0001513-2016 (Case 1513) based upon a criminal complaint filed by the Mercer County Detective Unit. Trial Court Opinion, 5/9/2017, at 9. The information alleged Appellant perpetrated various crimes against C.D., including rape, aggravated assault, indecent assault, and kidnapping, which "occurred at various times between March 9, 2014 and May 9, 2014." Id. at 9-10.

On December 5, 2016, Appellant filed an omnibus pre-trial motion for relief, requesting, inter alia, that the charges filed at Case 1513 be dismissed with prejudice on double jeopardy and compulsory joinder

grounds. Defendant's Omnibus Pre-Trial Motion for Relief, 12/5/2016, at 7. Specifically, Appellant argued that the charges at Case 855 were nol prossed "with prejudice as a material term for the consummation of a guilty plea bargain [with Case 825] for which the Commonwealth received a tangible benefit and consideration and therefore constitutes a final judgment of [c]ourt[,]" and thus jeopardy attaches. Id. Furthermore, according to Appellant, the rule of compulsory joinder applies because the charges at Case 1513 are "for the same offense as those finally determined and adjudicated by final judgment court" at Cases 825 and 855. Id. at 8.

Following a hearing on the record, the trial court issued an order denying Appellant's motion. This appeal followed.[2] On appeal, Appellant challenges the trial court's denial of his motion. Appellant's Brief at 5.

Before addressing the merits of the issue raised by Appellant, we must first determine if we have jurisdiction over this appeal. "Jurisdictional questions are non-waivable and not only may be raised by [this Court] sua sponte … but must be." Commonwealth v. Boerner, 422 A.2d 583, 588 (Pa. Super. 1980) (citations omitted).

This Court has previously interpreted Pa.R.C.P. 587(B), which governs double jeopardy motions, and the implications it has on our jurisdiction.

> To establish whether a motion to dismiss on double jeopardy
> grounds qualifies as a collateral order, trial courts must now,

---

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

- 4 -

inter alia, satisfy Rule 587(B)(3), (4), (5), and (6). Subsection (B)(3) requires the trial court, following a hearing, to enter on the record a statement of findings of fact and conclusions of law and its disposition of the double jeopardy motion. Subsection (B)(4) requires the trial court to render a specific finding on frivolousness in the event the court denies the double jeopardy motion. Subsection (B)(5) requires the trial court, if it finds frivolous the double jeopardy motion, to inform on the record a defendant of his or her right to petition for review under Pa.R.A.P. 1573 within 30 days of the order denying the motion. Subsection (B)(6) requires the court to advise a defendant of his immediate right to a collateral appeal if the court does not find the double jeopardy motion to be frivolous.

Commonwealth v. Taylor, 120 A.3d 1017, 1022–23 (Pa. Super. 2015) (footnotes omitted).

The record reveals the following: (1) Appellant's motion specified the basis and reasons to support his claim that the Commonwealth should be barred from prosecuting the charges at Case 1513 on double jeopardy grounds; (2) a hearing on Appellant's motion was conducted by the trial court on the record; (3) following the hearing, the court made a specific finding that the motion was not frivolous; and (4) within the trial court's subsequent order denying Appellant's motion, the court reiterated its finding that the motion was not frivolous and advised Appellant that the order denying the motion was immediately appealable as a collateral order. Based upon the foregoing, we conclude the trial court has satisfied the mandates

necessary to implicate our jurisdiction, and therefore, we find this case is ripe for our review.[3]

We consider the merits of Appellant's first claim mindful of the following. "An appeal grounded in double jeopardy raises a question of constitutional law. This [C]ourt's scope of review in making a determination on a question of law is, as always, plenary. As with all questions of law, the appellate standard of review is de novo...." Commonwealth v. Vargas, 947 A.2d 777, 780 (Pa. Super. 2008) (citations and quotations omitted).

> The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution protects an individual against successive punishments and successive prosecutions for the same criminal offense. [A]t the heart of double jeopardy jurisprudence is the requirement that an individual demonstrate … he … has been subjected to the risk of a trial on the merits. In Pennsylvania, jeopardy does not attach and the constitutional prohibition against double jeopardy has no application until a defendant stands before a tribunal where guilt or innocence will be determined.

Id. at 780-81 (citations and quotations omitted).

> A nolle prosequi is a voluntary withdrawal by a prosecuting attorney of proceedings on a particular criminal bill or information, which at anytime in the future can be lifted upon appropriate motion in order to permit a revival of the original criminal bill or information. Since a nolle prosequi acts neither as an acquittal nor a conviction, double jeopardy does not attach to the original criminal bill or information.

---

[3] "A [m]otion to [d]ismiss on the basis of the compulsory joinder rule of [18 Pa.C.S] § 110 embodies the same constitutional protections underlying the double jeopardy clause justifying interlocutory appeal of such claims." Commonwealth v. Anthony, 717 A.2d 1015, 1017 (Pa. 1998).

In order for [an] appellant's position [that the Commonwealth is barred from reinstituting charges that were previously nol prossed] to have merit, [the] appellant must prove that there was an actual representation by the Commonwealth or that there was a representation made by the Commonwealth which led [the] appellant to reasonably believe that his guilty plea agreement included an agreement by the Commonwealth to nol pros the charges in the first complaint as a condition of the guilty plea.

Commonwealth v. Ahearn, 670 A.2d 133, 135–36 (Pa. 1996) (citations omitted).

In its opinion authored in support of its decision to deny Appellant's motion, the trial court aptly summarized the positions of both parties as well as the court's ultimate findings and conclusions.

The defense argues that for purposes of the double jeopardy clauses of the federal and state constitutions and the compulsory joinder statute found at 18 Pa.C.S.[] §110(1)(ii) jeopardy attaches when a defendant enters a guilty plea to a criminal offense which is accepted by the court of record and then sentenced by that court. [Appellant] further argues that the [trial c]ourt's acceptance on October 14, 2014 of a plea of guilty to a criminal offense at [Case 825] and the concurrent nol pros of the charges at [Case 855] by the same court in the same judicial proceeding on the same date "provides that jeopardy also attached to the criminal offenses charged at [Case 855]."

Defense argues that it is "clear and unequivocal" that the court accepted the dismissal of the charges at [Case 855] because of the court's acceptance of the guilty plea at [Case 825] and that the Commonwealth "clearly" conditioned the dismissal of the charges at [Case 855] upon [Appellant] first entering a guilty plea to the offense at [Case 825].

The defense argument continues that the defense, Commonwealth, and [the trial c]ourt all concurred that prosecutions at both [Case 855] and at [Case 825] were to be

- 7 -

"fully, finally, completely, and absolutely terminated and closed." [Appellant] was to be discharged on both prosecutions with jeopardy attaching at both terms and numbers.

The defense argues further that the criminal charges at [Case 855] of simple assault and terroristic threats consisted of a course of conduct and a criminal episode alleged to have occurred [at Case 1513] against the victim C.D. and the charges were based on [C.D.'s] handwritten, voluntary statement made by C.D. to Southwest Mercer County Regional Police Department on May 9, 2014, detailing the physical violence, threats, and forcible confinement committed against her by the defendant.

Thus, [Appellant's] argument asserts, that pursuant to 18 Pa.C.S.[] §110(1)(ii)[,] a subsequent prosecution for any offense based on the same course of conduct or arising from the same criminal episode as a prior prosecution are also barred even if the subsequent prosecution is for different crimes if those different crimes in the subsequent prosecution were known to the appropriate prosecute[ing] officer at the time when jeopardy attached.

The defense argument continues that any of the crimes relating to the physical assaults, threats, and forcible confinement of [C.D] arise from the same criminal episode that led to the simple assault and terroristic threat charges at [Case 855] and, therefore, jeopardy attached to all of the non-sexual offenses. With regard to the sexual offenses, the defense argues that because the police and the district attorney's office knew that C.D. claimed that [Appellant] had physically assaulted her, threatened her, and forcibly confined her that they should have been alerted that an unlawful sexual assault was present and because the authorities should have known of the sexual offenses or that the sexual offenses were "knowable," prosecution on the sexual charges is barred as well.

The Commonwealth's position is that none of the charges [is] barred. The Commonwealth argues that the nol pros of the charges at [Case 855] was not part of a quid pro quo for the plea at [Case 825], to summary harassment.

The Commonwealth also argues that a nol pros is not a final judgement as argued by the defense in that charges that are nol prossed are neither an acquittal nor a conviction and, therefore, jeopardy does not attach and the nol pros can be lifted. The Commonwealth argues alternatively that the sex offenses were not known to the Commonwealth and, therefore, are not subject to double jeopardy or compulsory joinder dismissal.

* * *

The [trial c]ourt has thoroughly reviewed the record. It is clear to the [trial c]ourt that both [Appellant] and the Commonwealth wanted to resolve both cases on October 14, 2014 when the parties appeared before Judge Wallace at the criminal pre-trial conference and, in fact, did so resolve them. This does not mean, however, that the cases were part of one plea bargain nor that the nol pros at [Case 855] was an inducement for the plea at [Case 825]. It is also clear that there was no written plea agreement nor was there ever a motion to consolidate the two cases.

The plea colloquy conducted by Judge Wallace does not indicate that the cases were packaged together or co-dependent. The colloquy supports the Commonwealth's contention that there were two separate matters. After defense counsel informed the [trial c]ourt of the proposed plea to the summary harassment at [Case 825] the [c]ourt asked about the case at [Case 855]. Defense counsel does not inform the [c]ourt that the nol pros at [Case 855] is part of the deal at [Case 825]. Defense counsel simply informs the [c]ourt that the charges at [Case 855] are to be nol prossed. After a brief colloquy[,] the [trial c]ourt accepted the plea to summary harassment and stated[:] "There are no other plea bargains in this case." The [trial c]ourt then sentenced [Appellant] on the summary harassment offense and noted that [Appellant] had served his maximum sentence and was therefore released. Thereafter, [Appellant] himself asked if [Case 855] was settled. In response, the [c]ourt entered the order nol prossing the charges at [Case 855] and again there is no mention that the nol pros was part of the plea deal at 825 Criminal 2014.

* * *

Here, although two cases were resolved the same day at the same time by the same [c]ourt there is no clear indication that they were part of the same plea agreement. The assistant district attorney has denied they were part of the same agreement and testified he considered them as two cases and that in [Case 855], which was nol prossed, the witness was reluctant to testify whereas to the charge at [Case 825] the Commonwealth had a witness other than the victim. The [c]ourt finds the assistant district attorney['s] testimony to be credible. There was no written plea agreement nor any specific mention in the colloquy of the necessary quid pro quo between the cases. The [c]ourt notes that there was a quid pro quo in that the harassment charge at [Case 825] was a misdemeanor of the third degree but was reduced to a summary violation. Most telling, after accepting the plea at [Case 825], the trial court clearly stated that there were no other plea bargains in that case.

Th[e trial c]ourt has faced the situation many times where the parties have reached an agreement in two separate cases that are not codependent or part of the same plea agreement and the [c]ourt enters separate orders at both terms and numbers. On the other hand, this [c]ourt has also been faced with the situation many times where the Commonwealth and the defendant have reached a plea agreement on more than one case where they are part of the plea agreement and the [c]ourt clearly notes that in the plea order. Relying on Judge Wallace's clear statement of no other plea bargains at [Case 825], th[e trial court] concludes there was no plea agreement at [Case 825] which included the charges at [Case 855]. This was a situation where two separate cases were disposed of separately albeit at the same time.

Trial Court Opinion, 5/9/2017, at 12-20.

On appeal, Appellant summarized his argument as follows.

[A]ppellant's constitutional right against double jeopardy and compulsory joinder was violated when the [C]ommonwealth reinstated the charges at [Case 855] because [Case 855] was

part of the same plea agreement as [Case 825]. Both cases were dealt with at the same time and place. [Case 855] was nol prossed only after [Appellant] entered a plea at [Case 825]. Thus, the nol pros of [Case 855] was part of the plea agreement between the [C]ommonwealth and the defense.

Since [Case 855] was part of the plea, the charges in the current case should be dismissed for violating [Appellant's] constitutional right against double jeopardy and compulsory joinder. The current charges occur in the same time period against the same victim as the charges at [Case 855]. This is the same criminal episode happening in the identical time period.

Appellant's Brief at 7. As evidence of interrelation between Case 825 and Case 855, Appellant cites the trial court's "finding that defense counsel was sincere in his belief that the agreement was for both cases to be resolved." Id. at 9. Appellant contends the court's finding of sincerity, along with the fact that "both cases were [dealt] with at the same time and same place[,]" and that Case 855 "was nol prossed only after [Appellant] entered a plea" at Case 825 supports his argument that the Commonwealth is barred from prosecuting Case 1513. Id. at 13.

In determining Appellant was not entitled to relief, the trial court cited Ahearn, in support of its decision. Id. at 19. We agree with the trial court that "[t]he present case is very similar to [Ahearn]." Id. In fact, upon review, we find Ahearn materially indistinguishable.

In Ahearn, the Commonwealth filed and the trial court granted the Commonwealth's motion to nol pros charges against Ahearn because "the Commonwealth's case against [Ahearn as to this first complaint] lack[ed]

evidence sufficient to sustain the Commonwealth's burden of proof." 670 A.2d at 134 (internal quotation marks omitted). That same day, Ahearn "appeared before the same trial court to enter a guilty plea to the loitering and prowling at nighttime charges set forth in the second complaint." Id. After Ahearn's plea and sentencing, "the Commonwealth reinstated the charges in the first complaint that it had earlier decided to nol pros." Id. Based upon the foregoing, Ahearn "filed a motion to dismiss the reinstated charges alleging that they should be dismissed because his guilty plea to the charges in the second complaint included an agreement that the Commonwealth would nol pros the charges in the first complaint." Id.

A hearing was held on Ahearn's motion, wherein the

only evidence [Ahearn] presented at this hearing to support his claim that the plea agreement was intended to cover the charges raised in the first complaint was this exchange during the plea colloquy:

> Mr. Fink ([Ahearn's] counsel): Your Honor, there was a collateral charge, and I don't know whether it's appropriate to encumber the record, there was an understanding which was a corollary to this plea as it relates to the charge filed at No. ---
>
> The Court: Is that related to the case we nolle prossed this morning?
>
> Ms. Fletcher (assistant district attorney): Yes, we did file requesting that No. 27 of 1991 be nolle prossed.
>
> Mr. Fink: That's the case. Thank you your Honor.

> The Court: That has been done.
>
> The trial court, however, found that neither the motion to nol pros the first complaint, the written guilty plea agreement itself, nor the [oral] plea colloquy contained any representation that the plea agreement to the charges raised in the second complaint was done because of the alleged arrangement with the Commonwealth that the charges in the first complaint would be nolle prossed. Thus, the trial court denied [Ahearn's] motion to dismiss.

Id. at 134–35 (footnote omitted). Thereafter, the charges were reinstated and following a jury trial, Ahearn was found guilty and was sentenced accordingly. Id. at 135. Ahearn appealed to this Court, arguing that the Commonwealth should have been barred from prosecuting the formerly nol prossed charges. Id. This Court "denied [Ahearn's] appeal finding that there was nothing in the record to support [Ahearn's] claim that the plea agreement encompassed any agreement by the Commonwealth to nol pros the charges in the first complaint." Id.

Our Supreme Court granted allocatur and upon review, affirmed this Court's holding that Ahearn was not entitled to relief. In concluding as such, our Supreme Court noted that the record

> fail[ed] to provide the needed evidence. The Commonwealth's motion to nol pros the charges included in the first complaint explicitly stated that the Commonwealth was undertaking this action because it had insufficient evidence at that time to sustain its burden of proof. Nowhere in the motion or on record does it state that the nol pros was being sought in conjunction with a plea agreement to the other charges. Also, per the trial court, the written plea agreement which [Ahearn] admitted to reading, signing and understanding, failed to state that the nol pros of

the charges in the first complaint was in any manner an inducement or part or condition of the plea agreement.

Similarly, the guilty plea colloquy fails to establish an interrelationship between the two cases. [Ahearn] points to the above described [oral] plea colloquy where a vague reference was made by [Ahearn's] defense counsel to a "collateral charge" and to an "understanding which was a corollary to this plea" to establish the interrelationship to these two cases. Under such a slender thread does [Ahearn] hang his hope of acquittal on these charges. However, at the hearing on [Ahearn's] motion to dismiss the reinstated charges relating to the first complaint, the Potter County assistant district attorney involved in both the guilty plea agreement and the nol pros motion vehemently denied that there was any type of "package plan" in order to induce [Ahearn] to plead guilty to the charges contained in the second complaint. The assistant district attorney also stated that she consistently rejected any overtures made by [Ahearn] to persuade the Commonwealth to agree to such a deal. The trial court found this uncontroverted testimony to be credible and we will not disturb that finding. See Commonwealth v. Jackson, [485 A.2d 1102 (Pa. 1984)] (a determination of the credibility of witnesses is within the sole province of the trier of fact). Thus, [Ahearn] fails to carry his burden to establish how he could have reasonably understood the existence of an interrelationship between the guilty plea agreement and the entry of the nolle prosequi.

Ahearn, 670 A.2d at 136.

As in Ahearn, the trial court in this case credited the testimony of the Commonwealth that the charges in Case 855 were nol prossed because the only witness, C.D., was reluctant to testify. N.T., 3/8/2017, at 57. Furthermore, the court found there was: (1) no written plea agreement; (2) no mention during the colloquy of the nol prossed charges being connected to the guilty plea; and (3) a specific mention by the plea court that there

were no other plea bargains in the case. Trial Court Opinion, 5/9/2017, at 19-20.

On appeal, Appellant does not point to any evidence that there was an "actual representation by the Commonwealth or that there was representation made by the Commonwealth" which led Appellant reasonably to believe the nol prossed charges were related to his guilty plea. Instead, Appellant attempts to rebut the trial court's findings based upon the fact that: (1) Case 855 and Case 825 were dealt with at the same time and place (as opposed to Ahearn where the guilty plea took place later in the day after the charges in the first case were nol prossed); (2) the charges were nol prossed only after Appellant pled guilty at Case 825; (3) the trial court found defense counsel was "sincere" in his beliefs that the cases were related; and (4) at the guilty plea, in response to Appellant asking if Case 855 was "settled," counsel, on the record, stated "yes, it's nol prossed." Appellant's Brief at 7; N.T., 3/8/2017, at 36-37. See also N.T., 5/24/2016 at 12.

Upon review of the record, we find the foregoing does not sustain Appellant's burden of proof. Likewise, we conclude the trial court's reasoning for denying Appellant's motion is supported by the record and in line with our case law cited supra. Thus, we agree with the trial court that

double jeopardy does not attach to the previously nol prossed charges in Case 855.

Lastly, to the extent Appellant argued and properly preserved his compulsory joinder issue within his brief to this Court, we address this claim mindful of the following. "Generally speaking, the compulsory joinder statute sets forth the requirements for when a current prosecution is precluded due to a former prosecution for a different offense." Commonwealth v. Fithian, 961 A.2d 66, 68 (Pa. 2008).

> The purpose behind Section 110 is two-fold. First, it protects a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode. Secondly, the rule assures finality without unduly burdening the judicial process by repetitious litigation.

Commonwealth v. Gimbara, 835 A.2d 371, 373 (Pa. Super. 2003) (quotations and some citations omitted).

Regarding Case 825, as correctly recognized by the trial court, "the Supreme Court of Pennsylvania has [] stated unequivocally that the compulsory joinder requirement of 18 Pa.C.S.[] § 110 is inapplicable where, as here, the offense first prosecuted was a summary one." Commonwealth v. Barber, 940 A.2d 369, 379 (Pa. Super. 2007) (internal quotations omitted). See also Commonwealth v. Caufman, 662 A.2d 1050, 1051 (Pa. 1995) ("The statutory joinder requirement [is] inapplicable where, as here, the offense first prosecuted was a summary one.").

Furthermore, in light of our conclusion that Appellant failed to sustain his burden in proving that the charges in Case 855 were nol prossed in exchange for his guilty plea in Case 825, Appellant's compulsory joinder argument as to Case 855 likewise fails. Because Case 855 did not result in an acquittal or a conviction, the Commonwealth is neither barred from reinstating the charges nor is it precluded from adding additional charges.

Order affirmed.[4]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2018

---

[4] We are cognizant that both the trial court and Commonwealth address several ancillary issues that were raised at the hearing on Appellant's motion to dismiss. However, on appeal, Appellant's sole contention is that Case 1513 "should be dismissed for [violating Appellant's] constitutional right against double jeopardy and [his statutory right of] compulsory joinder." Appellant's Brief at 13.