J-S70026-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEWEL DEVEREAUX | : | |
| | : | |
| Appellant | : | No. 4062 EDA 2017 |

Appeal from the Order Entered November 30, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010580-2016

BEFORE:  GANTMAN, P.J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED FEBRUARY 22, 2019**

Jewel Devereaux appeals from the order denying his "Petition to Bar Prosecution as a Violation of Double Jeopardy Clause" ("Petition"). Devereaux maintains that the trial court erred in denying the petition and denying an evidentiary hearing on the petition. We affirm.

The trial court aptly summarized the relevant procedural history and facts of this case as follows:

> According to the docket entries for the Municipal Court case, on May 18, 2016[,] the Honorable Karen Simmons denied [Deveraux's] Motion to Suppress with respect to the stop and search, but granted it with respect to [Deveraux's] statements.

> Mr. Deveraux was found guilty of simple possession of a controlled substance and the possession of marijuana in a Municipal Court bench trial before the Honorable Wendy Pew on November 16, 2016 and sentenced that same day. [Another] ADA . . . tried the case for the Commonwealth. [Deveraux] filed, also on November 16, 2016, a timely appeal to the Court of Common Pleas for a trial *de novo*.

This matter was first listed for trial *de novo* before the Court of Common Pleas on January 9, 2017, but was continued by [Deveraux's] request to obtain the notes of testimony from the Municipal Court trial. The trial was continued again on March 15, 2017, again at the request of the defense.

The trial *de novo* was held on May 4, 2017 before the undersigned. . . . After this [c]ourt confirmed in a colloquy with Mr. Deveraux that his waiver of his right to a jury trial was knowing, intelligent, and voluntary, the bench trial commenced. The Commonwealth called police officer Benjamin Klock as its first witness.

[The] ADA . . . asked Officer Klock several background questions and questions to establish date, time, and location where the offenses were alleged to have occurred. After establishing that Officer Klock encountered Defendant Deveraux, [the] ADA . . . then proceeded with the following question:

> [ADA]: Did you notice anything else about the car or about the surrounding area?
>
> Officer [K]lock: Yes. There [were] two passengers, one in the front and one in the back behind the driver seat. I detected a strong odor of fresh marijuana coming from inside of the vehicle. I asked the defendant if any marijuana was in the vehicle to which he replied "yes."

[Defense counsel] then objected and moved for a mistrial on the grounds that a motion to suppress that had been previously been [sic] granted in this case. [The] ADA . . . looked at his case file and asked [defense counsel] when the motion was granted. [The ADA] then argued that a mistrial was not an appropriate remedy and that the trial could proceed after striking the suppressed testimony from the record. After a brief recess, this [c]ourt granted the request for a mistrial.

Shortly thereafter, [defense counsel] and [the ADA] asked the [c]ourt for a decision whether the basis for the mistrial was "manifest necessity" or "prosecutorial misconduct." After considering [the ADA's] demeanor, his apologetic manner, the broad nature of the question that was asked, the fact that the trial had just commenced, and our knowledge of [the ADA's]

reputation for honesty and good character, we advised the parties that we determined that the mistrial was required due to manifest necessity, and not prosecutorial misconduct. This request and our ruling, however, do not appear in the notes of testimony.[1]

After several status listings, on September 1, 2017, [Deveraux] filed Petition to Bar Prosecution as a Violation of Double Jeopardy Clause. We heard argument on [Deveraux's] Petition on November 30, 2017, concluded that the record was sufficient to render a decision based on the applicable law, and denied the motion without an evidentiary hearing.

Trial Court Opinion ("TCO"), filed December 7, 2017, at 1-3 (citations to record and footnotes omitted). This timely appeal followed.

Devereaux raises one issue on appeal:

Did the [trial] court doubly err by not allowing defense counsel to call witnesses to demonstrate that it would violate double jeopardy to permit the prosecution to go forward following a mistrial granted because of the prosecution's introduction of a suppressed statement and then by denying the motion to bar prosecution?

Devereaux's Br. at 3.

"An appeal grounded in double jeopardy raises a question of constitutional law." **Commonwealth v. Vargas**, 947 A.2d 777, 780 (Pa.Super. 2008) (citation omitted).  As such, our standard of review is *de novo* and our scope of review is plenary. **Id.**

"The Double Jeopardy Clauses of the Fifth Amendment to the United States Constitution and Article 1, § 10 of the Pennsylvania Constitution protect a defendant from repeated criminal prosecutions for the same offense."

---

[1] Although this information is not in the certified record, the parties do not dispute the trial court's recitation on the procedural history of the case.

***Commonwealth v. Graham***, 109 A.3d 733, 736 (Pa.Super. 2015). Prosecutorial misconduct bars a retrial for the same offense in two circumstances: "when [it] is intended to provoke the defendant into moving for a mistrial, [or] when the conduct of the prosecutor is intentionally undertaken to prejudice the defendant to the point of the denial of a fair trial." ***Commonwealth v. Smith***, 615 A.2d 321, 325 (Pa. 1992).

Prosecutorial misconduct is present where "the 'unavoidable effect' of the prosecutor's actions is to 'prejudice the jury, forming in their minds fixed bias and hostility towards the accused so as to hinder an objective weighing of the evidence and impede the rendering of a true verdict.'" ***Graham***, 109 A.3d at 736 (quoting ***Commonwealth v. Chmiel***, 777 A.2d 459, 464 (Pa.Super. 2001)). Where the conduct is merely an error, the defendant is not deprived of a fair trial and therefore a retrial of the defendant is not barred under the Double Jeopardy Clause. ***Id.*** When an appellant raises a claim that the misconduct of a prosecutor bars retrial, our first inquiry must be whether there was prosecutorial misconduct. ***Id.*** at 737.

Devereaux maintains that "the prosecutor's actions demonstrate that he simply did not care about Mr. Devereaux'[s] right to a fair trial and he directly took actions that deprived Mr. Deveraux of that right." Deveraux's Br. at 19. The trial court however did not find the conduct of the prosecutor to rise to the level of prosecutorial misconduct:

> [The ADA] happened to ask an open-ended question at the outset
> of the trial about the car and the surrounding area during Officer
> Klock's investigation of [Deveraux]. The question did not

- 4 -

specifically concern any statements [Deveraux] may or may not have made, nor did it in any way allude to any such statements. Further, once [the ADA] became aware of the error, he was apologetic and visibly concerned about what transpired. Even Mr. Deveraux's counsel recalled that [the ADA] "seemed surprised," Petition at 2, and characterized [the ADA's] conduct in terms of "gross negligence" or "ineffective assistance of counsel" at argument and "failure to act with reasonable diligence," Petition at 4, nothing that truly rises to the level of intentional misconduct.

TCO at 6 (citations to notes of testimony omitted). We agree.

The facts here support the trial court's determination that the prosecutor did not "engage in intentional misconduct barring retrial." **Graham**, 109 A.3d at 738. Similar to the facts of this case, in **Graham** we concluded that the prosecutor did not engage in misconduct. In **Graham**, the defendant was charged with multiple sexual assault crimes against his daughter. However, at trial the victim's mother testified about Graham's unrelated sexual abuse against their son. Graham moved for a mistrial and the trial court granted the motion. When the Commonwealth moved to relist his trial for jury selection, Graham argued that it was barred by the Double Jeopardy Clause. On appeal, this Court observed that "the prosecutor never asked [the victim's mother] a question about her son, nor did he ask any questions that prompted [victim's mother] to testify about more than one victim." **Id.** at 737. We also concluded that the Commonwealth was not barred from retrying Graham because there was no intentional misconduct on the part of the prosecutor for the unsolicited testimony of the witness regarding the unrelated sexual abuse of her son. **Id.** at 737-38.

Here, Officer Klock's unsolicited response that Deveraux admitted to having marijuana in the car was not a result of any form of prosecutorial misconduct. The ADA did not ask Officer Klock about any statements made by Deveraux. His question was limited to whether Officer Klock noticed anything about the car or the surrounding area. Thus, we agree with the trial court's conclusion that no part of the ADA's conduct "[rose] to the level of intentional misconduct." Therefore, no relief is due because Deveraux has failed to establish that the ADA engaged in intentional misconduct.

Deveraux also maintains that the trial court erred in failing to hold an evidentiary hearing. He argues that he "intended to call the three trial prosecutors and the police officer to testify as to what they understood would be permitted at trial after the incriminating statement had been suppressed." Deveraux's Br. at 13. Deveraux relies on **Commonwealth v. Rios**, 371 A.2d 937 (Pa.Super. 1997) (*en banc*), in support of his argument that the trial court should have held an evidentiary hearing in order to obtain this information. However, **Rios** does not warrant Deveraux relief.

In **Rios**, the trial court granted a motion to suppress any statements from Rios. 371 A.2d at 939. During trial, the prosecutor questioned the assigned detective about the suppressed statements. **Id.** Rios moved for a mistrial and the trial court granted the motion. **Id.** Rios then filed a motion to bar a retrial arguing that it would be a violation of double jeopardy. **Id.** The trial court held an evidentiary hearing where Rios' counsel and the prosecutor who handled the trial testified. **Id.** Following the hearing, the trial court denied

the motion, concluding that "the Assistant District Attorney who tried the case was negligent, but not guilty of a bad faith effort to abort the trial." *Id.* On appeal, this Court concluded that the trial court properly denied Rios' motion to bar retrial because "[t]here [was] absolutely no evidence which points to the conclusion that the Assistant District Attorney deliberately set out to abort the first trial in order to bolster his case or to secure a move favorable jury panel." *Id.* at 940. Notably, we did not hold that the trial court was required to hold an evidentiary hearing regarding the actions of the prosecutor.

Here, as in *Rios*, there is no evidence that the prosecutor "deliberately set out to abort the first trial in order to bolster his case." *Id.* The unsolicited testimony of Officer Klock was not the result of any action by the prosecutor as his question to Officer Klock was simply whether he noticed anything about the vehicle. Sitting as fact finder, the trial judge determined that there was enough evidence before it to determine "that a mistake had been made and that the officer's testimony was not the product of intentional prosecutorial misconduct," without conducting an evidentiary hearing. TCO at 7. Additionally, as the fact finder the trial court was in the best position to determine whether it was prejudiced by the prosecutor's action, which in this case it concluded that it was not. The trial court did not err or abuse its discretion in coming to this conclusion and therefore we affirm the trial court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/19