J-A02021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY LEE DIAMOND JR. | : | No. 746 WDA 2022 |

Appeal from the Order Entered July 14, 2022
In the Court of Common Pleas of Washington County Criminal Division at
No(s): CP-63-CR-0000437-2020

BEFORE: BOWES, J., OLSON, J., and MURRAY, J.

MEMORANDUM BY OLSON, J.:                    **FILED: April 28, 2023**

The Commonwealth of Pennsylvania (the Commonwealth) appeals from

the order entered on July 14, 2022, which denied its petition for entry of *nolle*

*prosequi* following our prior remand. ***See Commonwealth v. Diamond***, 277

A.3d 1133 (Pa. Super. 2022) (unpublished memorandum). We vacate and

remand for the entry of an order consistent with this memorandum.

We briefly summarize the facts and procedural history of this case as

follows.[1] On February 15, 2020, the Commonwealth charged Terry Lee

Diamond (the Defendant) with a number of crimes, including rape of a

mentally disabled person pursuant to 18 Pa.C.S.A. § 3121(a)(5). The

complainant (the Complainant), a 23-year-old female diagnosed with Down

Syndrome, reported to a forensic interviewer that the Defendant took her

---

[1] We provided a more detailed recitation of the facts of this case in our prior
decision. ***See Diamond***, 277 A.3d 1133, at *1.

clothes off and touched her buttocks, hair, arms, and genitals without her consent. The Complainant further asserted that the Defendant held her down on the floor of his bedroom, inserted his penis into her vagina, and would not let her go while he had sex with her without consent. The Commonwealth filed a criminal information against the Defendant on March 17, 2020.

Citing prosecutorial discretion and the desire of the Complainant and her mother to discontinue pursuit of criminal charges against the Defendant, in April 2021, the Commonwealth filed a petition to *nolle prosequi* all of the charges in this case. The Commonwealth averred that withdrawing the charges was in the best interest of the Complainant given the unique circumstances of this particular criminal case. Moreover, the Defendant consented to the entry of *nolle prosequi*.

On April 9, 2021, the trial court held oral argument on the Commonwealth's petition to *nolle prosequi*. The Commonwealth explained that the Complainant and her mother were no longer willing to participate because they moved out of state and desired to drop the charges and avoid re-traumatization of the Complainant. Because the Commonwealth's witnesses refused to appear, the Commonwealth filed its petition for *nolle prosequi* "knowing [it] was not going to be able to put in any kind of evidence." On April 27, 2021, the trial court denied the Commonwealth's motion for *nolle prosequi*. A timely appeal ensued wherein a prior panel of this Court vacated the order denying the petition for *nolle prosequi* and remanded the case for additional proceedings.

Initially, in our prior memorandum decision, we set forth the applicable legal principles as follows:

A *nolle prosequi* is a voluntary withdrawal by a prosecuting attorney of proceedings on a particular criminal bill or information, which at any time in the future can be lifted upon appropriate motion in order to permit a revival of the original criminal bill or information. As our Supreme Court has explained, a district attorney has a general and widely recognized power to conduct criminal litigation and prosecutions on behalf of the Commonwealth, and to decide whether and when to prosecute, and whether and when to continue or discontinue a case. Nevertheless, after the filing of the criminal information, the district attorney is not permitted to enter a *nolle prosequi* "without having obtained the approval of the court." 42 Pa.C.S.A. § 8932. Pennsylvania Rule of Criminal Procedure 585 further provides: "[u]pon motion of the attorney for the Commonwealth, the court may, in open court, order a *nolle prosequi* of one or more charges notwithstanding the objection of any person." Pa.R.Crim.P. 585(A).

The grant or refusal of a petition for *nolle pros* ... lies within the sound discretion of the lower court, and its action will not be reversed in the absence of an abuse of discretion. Regarding the abuse of discretion standard, our Supreme Court has explained:

The term discretion imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judge. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary actions. Discretion is abused where the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

Although the trial court is granted discretion in determining whether to grant or deny the Commonwealth's petition for *nolle prosequi*, our Supreme Court has held there are two factors to be considered when a request for a *nolle prosequi* is made: (1) is the reason given by the Commonwealth for requesting the *nolle*

- 3 -

*prosequi* valid and reasonable, and (2) does the defendant, at the time the *nolle prosequi* is requested, have a valid speedy trial claim? The parties and the trial court agree that the Defendant's speedy trial rights are not implicated in this case. Therefore, under our Supreme Court's precedent, the trial court was obligated to determine whether the reason given by the Commonwealth for requesting the *nolle prosequi* was valid and reasonable. In considering this factor, the trial court was required ... to consider the reason given by the Commonwealth, not to intuit or infer a reason to justify the court's action.

**Diamond**, 277 A.3d 1133, at *4 (internal case citations, quotations, some brackets, and unnecessary capitalization omitted).

We ultimately determined that "the trial court did not pass upon the question of whether the Commonwealth's stated reason for requesting the *nolle prosequi* was valid and reasonable. Instead, the trial court explained that it denied the Commonwealth's petition because, it believed, "the Commonwealth [could] sustain a *prima facie* case against the Defendant" even absent the Complainant's testimony at trial. **Id.** at *3, *citing* Trial Court Opinion, 4/27/2021, at 5. As such, this Court respectfully determined that the basis supplied by the trial court was "contrary to the law and, thus, constitute[d] an abuse of discretion." **Id**. at *5. More specifically,

[w]e note[d] that the reason tendered by the trial court for denying the Commonwealth's petition turned almost entirely upon the trial court's view of the evidence, not on an assessment of the explanation proffered by the prosecutor. The record [was] devoid of evidence of steps taken by the trial court to ascertain the desires and objectives of the [C]omplainant and her guardian/mother, to assess whether those aims align[ed] with the grounds for withdrawal offered by the Commonwealth, and, if so, to consider whether those grounds were reasonable under the circumstances. We[,] therefore, vacate[d] the trial court's order and remand[ed] this case to the trial court, so that it may determine, in the first instance, whether the reason given by the

- 4 -

Commonwealth for requesting the *nolle prosequi* was valid and reasonable.

*Id.* (internal citations and quotations omitted). "We further note[d] that the Commonwealth is not required to prosecute a defendant merely because its potential evidence could – if viewed in the light most favorable to the Commonwealth – sustain a *prima facie* case against a defendant. The decision to go forward with a prosecution will always be influenced by the prosecutor's evaluation of the **strength** of the Commonwealth's potential case." *Id.* at *5, n.5 (citation omitted; emphasis in original). As such, in an unpublished memorandum filed on April 11, 2022, this Court vacated the trial court's order denying the Commonwealth's motion for *nolle prosequi*, remanded for further proceedings, and relinquished jurisdiction.

Following our remand, the trial court scheduled a hearing for May 31, 2022 wherein it ordered the Complainant and her mother to be present. On May 20, 2022, the Commonwealth filed a motion for reconsideration asking the trial court to consider not requiring the attendance of the Complainant or her mother. The trial court did not rule on the Commonwealth's motion for reconsideration before the hearing held on May 31, 2022. The Complainant and her mother did not appear.[2]

---

[2] There is no notation on the trial court docket, as contained in the certified record, that the hearing took place or that notes of testimony from that hearing were ordered or transcribed. However, both the trial court and the Commonwealth agree that the hearing commenced and that neither witness attended. *See* Commonwealth's Brief at 14; *see* Trial Court Opinion, 6/17/2022, at 6.

By opinion issued on June 17, 2022, the trial court again denied the Commonwealth's request to *nolle prosequi* the charges against the Defendant. The trial court stated that "[s]ince mother/guardian has never appeared before [it], despite being ordered to do so, [the trial c]ourt ha[d] no way to determine if her concerns about retraumatizing the [Complainant] are legitimate." Trial Court Opinion, 6/17/2022, at 5. The trial court determined, therefore, that it was "unable to discern" the "objectives and desires" of the Complainant and her mother, as this Court directed upon remand, or otherwise "to assess whether they align with the Commonwealth's grounds for withdrawing the case." *Id.* at 6. Instead, the trial court again stated that "the Commonwealth's reason for seeking a *nolle prosequi* was an evidentiary concern that the Commonwealth masqueraded as a 'policy' decision" because "[c]learly, the Commonwealth's concern was that without the testimony of the [Complainant], it would be unable to present its case." *Id.* at 11. Accordingly, the trial court found that the Commonwealth's proffered reason for *nolle prosequi* was not valid or reasonable. *Id.* In summary, the trial court opined:

> [The trial c]ourt [wa]s unconvinced that the Commonwealth's withdrawal was for a valid or reasonable purpose, and instead turned on the Commonwealth's concerns about the sufficiency of the evidence and ease of prosecuting the case based on the availability of evidence. Therefore, because the Commonwealth's concerns are evidentiary in nature, the [trial c]ourt reviewed the evidence and decided that withdrawing the charges was unnecessary. Furthermore, the Commonwealth can avoid prosecuting the case without any exercise of judicial discretion over the decisions of the Commonwealth.

*      *      *

In the event that the Commonwealth chooses not to call the case to trial and the [speedy trial] time limit expires [pursuant to Pa.R.Crim.P. 600], the [trial c]ourt recognize[d] that it would no longer have any discretion over disposing with the case if [the D]efendant were to file a motion to dismiss pursuant to Rule 600. Notably, Rule 600, unlike Rule 585, does not confer discretion upon the court to decide whether to grant or deny the motion to dismiss; rather, the court is required to do so if the time period in Rule 600 has expired.

Next, [the trial c]ourt [] respond[ed] to [this] Court's suggestion [in conjunction with remanding the case] that [the trial court] "ascertain the desires and wishes" of the [Complainant] and her mother/guardian. Unfortunately, the [Complainant] and her mother/guardian did not appear at the most recent hearing scheduled following [] remand. Indeed, nowhere in Rule 585 or elsewhere in the rules, is a requirement that the [trial c]ourt summon witnesses for hearings. Regardless, the [trial c]ourt's decision was based solely on the evidence before it, not some contrived vendetta against the [D]efendant or the Commonwealth. Moreover, despite the [trial c]ourt's order directing the [Complainant] and her mother/guardian to appear, they ignored the order and failed to do so, thus making it impossible for the [trial c]ourt to ascertain their desires and objectives.

*Id.* at 12-13. Additionally, the trial court "note[d] that at the time of the incident the [D]efendant was the paramour of another of mother/guardian's daughters" and, although, "not aware of the current status of the relationship" the trial court "raise[d] the possibility that mother/guardian may be motivated by various factors." *Id.* at 5. Finally, the trial court summarized and detailed three, wholly unrelated cases wherein it granted *nolle prosequi* petitions for the Commonwealth in order to "illustrate the reasons why [the trial c]ourt declined to approve the Commonwealth's motion in in this case." *Id.* at 13. Accordingly, for all of the foregoing reasons, the trial court denied the

Commonwealth's request to *nolle prosequi* the charges pending against the Defendant. This timely appeal resulted.[3]

On appeal, the Commonwealth presents the following issues for our review:

1. Did the trial court violate the law of the case doctrine by relitigating issues decided by the Pennsylvania Superior Court in a previous appeal of the case sub judice?

2. Did the trial court abuse its discretion by manufacturing an evidentiary reason for the Commonwealth's petition for *nolle prosequi* and replacing the Commonwealth's given reason of prosecutorial discretion based upon the wishes of the victim with the court's manufactured reason?

3. Did the trial court abuse its discretion in failing to address the validity and reasonableness of the Commonwealth's given reason for the *nolle prosequi*?

_____

[3] The Commonwealth filed a notice of appeal on June 22, 2022. The Commonwealth certified that the order would terminate or substantially handicap the prosecution in accordance with Pa.R.A.P. 311(d). Upon review of the trial court docket, while there was an opinion filed on June 17, 2022, there was no accompanying order denying the Commonwealth's petition for *nolle prosequi*. On July 19, 2022, this Court entered an order to show cause why the appeal should not be quashed. *See* Pa.R.A.P. 301(a)(1) ("[N]o order of a court shall be appealable until it has been entered upon the appropriate docket in the trial court"). The Commonwealth filed a timely response and attached the order at issue from the trial court dated June 17, 2022, but the order was not entered on the trial court docket until July 14, 2022. We conclude that the instant appeal is ripe for review. *See* Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before entry of an appealable order shall be treated as filed after such entry and the day thereof."); *see also Commonwealth v. McGarry*, 172 A.3d 60, 63 n.1 (Pa. Super. 2017) (a premature appeal may be perfected by the subsequent entry of an appealable order). On August 2, 2022, this Court discharged its rule to show cause order. We have amended the caption and our Court's docket to reflect that the order appealed from was entered on July 14, 2022 rather than June 17, 2022.

4. Did the trial court abuse its discretion by finding the Commonwealth's discretionary basis for *nolle prosequi* invalid and unreasonable without first finding a gross abuse of discretion?

5. Did the trial court abuse its discretion by treating Pennsylvania Rule of Criminal Procedure 600 as a procedural alternative to *nolle prosequi*?

6. Did the trial court abuse its discretion in finding the Commonwealth could sustain a *prima facie* case against the defendant without an evidentiary hearing?

7. Did the trial court's refusal to grant the Commonwealth's *nolle prosequi* violate the separation of powers doctrine by substituting the trial court's own discretion for that of the Commonwealth in the prosecution of a criminal matter?

Commonwealth's Brief at 8-9 (complete capitalization and suggested answers omitted).

In all of the issues presented, the Commonwealth contends that the trial court abused its discretion in denying its petition to *nolle prosequi* criminal charges. As set forth above, we review the denial of a request for *nolle prosequi* for an abuse of discretion. An abuse of discretion occurs where the trial court's judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill-will.

In its first issue presented, the Commonwealth argues that the trial court violated the law of the case doctrine by not following the remand decision issued by this Court's prior panel. *Id.* at 19-23. The Commonwealth argues that "[t]he trial court simply made the same decision, based off the same rationale, as in its first denial of the Commonwealth's [nolle prosequi]

petition, even though that decision and rationale were deemed an abuse of discretion." *Id.* at 22. The Commonwealth posits that this Court already decided that the trial court "intuited and inferred its own evidentiary reason to deny" *nolle prosequi* and, therefore, must review the reason "the Commonwealth provided" and "not some alternative evidentiary one provided by the [trial] court itself." *Id.* at 21. The Commonwealth assails the trial court's determination that the proffered reason for *nolle prosequi*, the Complainant's unwillingness to testify due to trauma and disability, equated to the inability for the Commonwealth to present its case, arguing:

> Of course, without the [Complainant's] testimony the case becomes likely impossible to prove, but that is not the reason the Commonwealth sought its *nolle prosequi*. The Commonwealth has decided to accept the [Complainant's] wishes and not pursue the case against her will. This is a discretionary decision separate from the practical evidentiary [e]ffect that her absence creates. This is a distinction that the [trial] court is either unwilling or unable to accept.

*Id.* at 22 n.2.

The Commonwealth's second, third, and fourth appellate arguments are interrelated to each other as well as the first issue, so we will examine those as well. As set forth above with relation to the first issue, and reiterated in its second issue, the Commonwealth argues that the trial court abused its discretion when it "manufactured an evidentiary reason for the Commonwealth's petition for *nolle prosequi* and replaced the Commonwealth's given reason[.]" *Id.* at 23. The Commonwealth notes that "never once did [it] state that the lack of a *prima facie* case was the basis for its petition to

*nolle prosequi*" and that "[t]he only reason any discussion of *prima facie* evidence took place [was] because the trial court was focused on that issue." *Id.* at 29. In its third issue presented, the Commonwealth avers that "[s]etting aside the [trial] court[']s erroneous insistence that the Commonwealth was basing its petition on lack of *prima facie* evidence and its irrelevant review of the reasonableness of such a basis, the trial court spent almost no time evaluating the reasonableness or validity of the Commonwealth's given reasons." *Id.* at 32. The Commonwealth states that while it "understands the [trial] court's frustration" regarding the "continual absence" of the Complainant and her mother from proceedings, the record supports its given reasons to *nolle prosequi* and there is nothing suggesting that the Complainant's mother was not acting in her daughter's best interest. *Id.* at 33-34. Furthermore, in its fourth appellate issue, the Commonwealth argues that the trial court "incorrectly applied a *de novo* standard [of] review of the evidence to determine if the Commonwealth could sustain a *prima facie* case instead of applying a gross abuse of discretion to determine if its petition for *nolle prosequi* was reasonable[.]" *Id.* at 38. Upon review, we agree with the Commonwealth's assessment.

The law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." *Commonwealth v Starr*, 664 A.2d 1326, 1331 (Pa. 1995). "Among the related but distinct rules

which make up the law of the case doctrine are that: ... (2) upon a second appeal, an appellate court may not alter the resolution of a legal question previously decided by the same appellate court...." **Id.** Moreover, "where a case is remanded to resolve a limited issue, only matters related to the issue on remand may be appealed." **Commonwealth v. Lawson**, 789 A.2d 252, 252 (Pa. Super. 2001).

Here, following our remand, the trial court essentially republished the same decision that it originally issued. As conceded by the trial court, there was no additional record evidence taken following our remand. Therefore, the trial court was "unable to discern" the "objectives and desires" of the Complainant and her mother and concluded that it was "unconvinced that the Commonwealth's withdrawal was for a valid or reasonable purpose, and instead turned on the Commonwealth's concerns about the sufficiency of the evidence and ease of prosecuting the case based on the availability of evidence." Trial Court Opinion, 6/17/2022, at 12. The prior panel previously determined that it was an abuse of discretion to deny the Commonwealth's request to *nolle prosequi* based upon the trial court's view of the evidence, not on an assessment of the explanation proffered by the prosecutor. As such, a prior panel of this Court specifically directed the trial court to examine whether the reason given by the Commonwealth for requesting *nolle prosequi* was valid and reasonable upon remand. **See Diamond**, 277 A.3d 1133, at *4 (unpaginated). Remand was limited to making that determination and the trial court stated it was still unable to reach a conclusion. Hence, bound by

- 12 -

the prior panel's decision, we find the trial court's actions still amount to an abuse of discretion. Additionally, we note that the trial court erred by comparing this case with other cases pending before it. The trial court was specifically directed to examine the reason given by the Commonwealth **in this matter** only. Finally, a prior panel of this Court previously determined that the Commonwealth has a valid and reasonable basis for *nolle prosequi* if a key witness fails to appear for trial. **See Commonwealth v. Harris**, 262 A.3d 553, at *15 (Pa. Super. 2021) (unpublished memorandum)[4] ("The prosecutor had a valid and reasonable basis to request [] *nolle prosequi*, as the Commonwealth's key witness failed to appear for [Harris'] pending trial, and a bench warrant was issued for the witness."). Accordingly, we find the Commonwealth is entitled to relief.

Next, we briefly address the Commonwealth's fifth issue presented on appeal, wherein the Commonwealth asserts that the trial court abused its discretion by "treating Pennsylvania Rule of Criminal Procedure 600 as an equivalent procedural alternative to *nolle prosequi*." Commonwealth's Brief at 42. The Commonwealth faults the trial court's proposal that it was not demanding or suggesting that the case be brought to trial, because a denial of *nolle prosequi* "is an order from the court to continue prosecution." **Id.** at 43. Whereas, "Rule 600 is a procedural safeguard used by the defendant to

---

[4] **See** Pa.R.A.P. 126(b) (unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

- 13 -

preclude the Commonwealth from continuing a prosecution." *Id.* at 44. The Commonwealth contends that it "can lift a *nolle prosequi* and continue the prosecution of the case so long as it is within the statute of limitations, which is not possible if the case is dismissed via Rule 600." *Id.* (citation omitted).

We conclude that the trial court erred as a matter of law in deciding to deny *nolle prosequi* because the Commonwealth could forego prosecution and permit the Defendant to file a motion to dismiss pursuant to Pa.R.Crim.P. 600. Rule 600 governs prompt trials. Our Supreme Court has determined that although Rule 600 "is a rule-based right … rather than the distinct constitutional right to a speedy trial, [appellate courts are to] remain conscious of the essential purpose of Rule 600 and the important constitutional interest that it safeguards—an interest which underlies all [] Rule 600 jurisprudence." *Commonwealth v. Barbour*, 189 A.3d 944, 954 (Pa. 2018). Our Supreme Court stated:

> [the Supreme Court] promulgated Rule 600, as well as its predecessor Rule 1100, in response to the Supreme Court of the United States' decision in *Barker v. Wingo*, 407 U.S. 514 (1972), in order to provide a concrete standard for effectuating and protecting a defendant's constitutional right to a speedy trial under the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution.
>
> The right to a speedy, public trial is one of the most basic rights preserved by our Constitution. Because the exercise of the government's power to detain an individual pending a criminal prosecution places a heavy burden upon the accused, the speedy trial guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. For a person subject to pre-trial incarceration:

The time spent in jail awaiting trial has a detrimental impact on the individual. It often means loss of a job; it disrupts family life; and it enforces idleness. Most jails offer little or no recreational or rehabilitative programs. The time spent in jail is simply dead time. Moreover, if a defendant is locked up, he is hindered in his ability to gather evidence, contact witnesses, or otherwise prepare his defense. Imposing those consequences on anyone who has not yet been convicted is serious. It is especially unfortunate to impose them on those persons who are ultimately found to be innocent.

Moreover, even for an individual who secures his release on bail and will await trial outside of a jail cell, the foreboding promise of an impending prosecution is a heavy weight to carry. Even if an accused is not incarcerated prior to trial, he is still disadvantaged by restraints on his liberty and by living under a cloud of anxiety, suspicion, and often hostility. Because the power to deprive one of his liberty is of such consequence, because the attendant disturbance to one's life is so momentous, the right to a speedy, public trial is a core component of the procedural rights afforded to the accused under the Constitution, as fundamental as any of the rights secured by the Sixth Amendment.

*Id.* at 954–955 (internal quotations, footnotes, and most citations omitted).

"[D]ismissal of the indictment 'is the only possible remedy' for deprivation of the right to speedy trial." *Commonwealth v. Whitaker*, 359 A.2d 174, 176 (Pa. 1976), *citing Barker*, 407 U.S. at 522.

Whereas,

[a] *nolle prosequi* is a voluntary withdrawal by a prosecuting attorney of proceedings on a particular criminal bill or information, which at anytime in the future can be lifted upon appropriate motion in order to permit a revival of the original criminal bill or information. Since a *nolle prosequi* acts neither as an acquittal nor a conviction, double jeopardy does not attach to the original criminal bill or information.

*Commonwealth v. Ahearn*, 670 A.2d 133, 135 (Pa. 1996) (citations omitted).

In this case, the trial court erred by contemplating that Rule 600 was a procedural mechanism for the Commonwealth to achieve the same result as *nolle prosequi*. As caselaw examining Rule 600 makes clear, the Rule is intended to preserve the fundamental right to a speedy trial, safeguard undue and oppressive incarceration prior to trial, minimize anxiety and concern accompanying public accusation, and to limit the possibilities that long delay will impair the ability of an accused to defend himself. This is because the exercise of the government's power to detain an individual pending a criminal prosecution places a heavy burden upon the accused. We cannot condone continued restraints upon the Defendant's liberty where the Commonwealth has no desire to proceed, has offered a reasonable basis for *nolle prosequi*, and the Defendant would essentially be forced to file his own motion to dismiss pursuant to Pa.R.Crim.P. 600. Furthermore, Rule 600 requires dismissal of the indictment and bars future prosecution, whereas *nolle prosequi* is a voluntary withdrawal which may be retracted to permit the revival of the proceedings on the original bill or information so long as the statute of limitations has not expired. Accordingly, we conclude that the trial court abused its discretion by suggesting that Rule 600 was an alternative avenue for Commonwealth relief.

In its final two appellate arguments, the Commonwealth contends that the trial court abused its discretion by finding that the Commonwealth could

sustain a *prima facie* case against the Defendant without having an evidentiary hearing and that the trial court violated the separation of powers doctrine. *See* Commonwealth's Brief at 45-50; *id.* at 50-57. Having already determined that the Commonwealth is entitled to relief, however, we need not address these additional contentions.

Accordingly, we find that the trial court abused its discretion by denying the Commonwealth's motion to *nolle prosequi* criminal charges against the Defendant. As such, we vacate the trial court's order and remand for the entry of an order granting the Commonwealth's motion for *nolle prosequi* and dismissing the pending criminal charges in this matter.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/28/2023