670 A.2d 133

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Charles D. AHEARN, III, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 19, 1995.

Decided Jan. 18, 1996.

---

5. *See Commonwealth v. Lagana,* 517 Pa. 371, 537 A.2d 1351, 1354 (1988), *citing Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1978).

William A. Hebe, Wellsboro, for C. Ahearn.

Jeff Leber, Dennis E. Boyle, Coudersport, for Commonwealth.

Before NIX, C.J., and FLAHERTY, ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

## OPINION

CASTILLE, Justice.

This case presents the sole issue of whether the Commonwealth can remove a *nolle prosequi* and refile criminal charges against a criminal defendant when the *nolle prosequi* was entered on the same day that the criminal defendant pled guilty to other criminal charges resulting from a separate and unrelated criminal incident. For the reasons expressed below, we hold that the Commonwealth's removal of such a *nolle prosequi* and refiling of criminal charges under the circumstances discussed herein is proper, and, therefore, we affirm the Superior Court's affirmance of the judgment of sentence as to these refiled charges.

A summary of the evidence giving rise to this appeal is that on February 1, 1991, a criminal complaint was filed at No. 27 Potter County 1991 (the "first complaint"), against appellant charging him with burglary,[1] theft,[2] receiving stolen property[3]

1. 18 Pa.C.S. § 3502.
2. 18 Pa.C.S. § 3921(a).
3. 18 Pa.C.S. § 3925(a).

and conspiracy.[4] These charges arose from a burglary which occurred between 4:00 a.m. and 5:00 a.m. on that same day at Maiuro's Grocery Store in Ulysses, Pennsylvania.

On February 17, 1991, appellant was again arrested outside an occupied residence in Harrison Valley, Pennsylvania. In relation to this arrest, appellant was charged with criminal attempt[5] and loitering and prowling at nighttime[6] at No. 33 Potter County 1991 (the "second complaint").

On the morning of July 8, 1991, the Commonwealth filed a motion to *nol pros* the first complaint. The motion stated that the Commonwealth desired to voluntarily dismiss the first complaint because "the Commonwealth's case against the defendant lacks evidence sufficient to sustain the Commonwealth's burden of proof." The trial court granted the Commonwealth's motion and dismissed the four charges filed against appellant in connection with the February 1, 1991 burglary.

Later that same day, appellant appeared before the same trial court to enter a guilty plea to the loitering and prowling at nighttime charges set forth in the second complaint. During the plea colloquy, appellant admitted that he read and signed both the plea agreement and guilty plea statement. Appellant also admitted that he was pleading guilty knowingly and voluntarily. Moreover, appellant admitted to the conduct which resulted in the charge. The trial court then accepted appellant's guilty plea to the charges contained in the second complaint and delayed sentencing until September 4, 1991 when appellant was placed on probation for a period of twelve months and fined $500.

On March 9, 1992, the Commonwealth reinstated the charges in the first complaint that it had earlier decided to *nol*

4. 18 Pa.C.S. § 903(a)(1).

5. 18 Pa.C.S. § 901(a). The criminal attempt charge was later dismissed at the district justice level.

6. 18 Pa.C.S. § 5506.

178

*pros.*[7] These charges were re-docketed at No. 83 Potter County 1992. On April 20, 1992, appellant filed a motion to dismiss the reinstated charges alleging that they should be dismissed because his guilty plea to the charges in the second complaint included an agreement that the Commonwealth would *nol pros* the charges in the first complaint.

On June 3, 1992, the trial court held an evidentiary hearing on appellant's motion to dismiss. At the hearing, the trial court heard the testimony of the assistant district attorney of Potter County who agreed to the plea agreement regarding the second complaint and who filed the motion to *nol pros* the first complaint. The assistant district attorney testified that the sole reason that the charges raised in the first complaint were voluntarily dismissed was because the Commonwealth believed that it had insufficient evidence to obtain a conviction at that time. The assistant district attorney also testified that she had expressly rejected appellant's repeated efforts to have the plea agreement for the charges in the second complaint encompass the charges raised in the first complaint. The only evidence appellant presented at this hearing to support his claim that the plea agreement was intended to cover the charges raised in the first complaint was this exchange during the plea colloquy:

> **Mr. Fink** (appellant's counsel): Your Honor, there was a collateral charge, and I don't know whether it's appropriate to encumber the record, there was an understanding which was a corollary to this plea as it relates to the charge filed at No. ——
>
> **The Court:** Is that related to the case we nolle prossed this morning?
>
> **Ms. Fletcher** (assistant district attorney): Yes, we did file requesting that No. 27 of 1991 be nolle prossed.
>
> **Mr. Fink:** That's the case. Thank you your Honor.
>
> **The Court:** That has been done.

7. Added to the criminal complaint was a charge of unsworn falsification. This charge was eventually withdrawn by the Commonwealth.

(*Id.* at 6). The trial court, however, found that neither the motion to *nol pros* the first complaint, the written guilty plea agreement itself,[8] nor the verbal plea colloquy contained any representation that the plea agreement to the charges raised in the second complaint was done because of the alleged arrangement with the Commonwealth that the charges in the first complaint would be *nolle prossed.* Thus, the trial court denied appellant's motion to dismiss.

After appellant's motion to dismiss was denied, the trial court held a one day jury trial on August 31, 1992 as to the reinstated charges from the first complaint. Appellant was found guilty on all four of the reinstated charges. As a result of his conviction, appellant was sentenced to the following concurrent terms of imprisonment: not less than six (6) nor more than twenty-three (23) months for burglary; not less than six (6) nor more than twenty-three (23) months for theft; not less than four (4) nor more than twenty-three and one-half (23½) months for criminal conspiracy; and, court costs for receiving stolen property.

Appellant appealed to the Superior Court once again alleging that the Commonwealth was barred from reinstating the charges contained in the first complaint because his plea agreement regarding the charges raised in the second complaint involved an agreement by the Commonwealth to *nol pros* the charges in the first complaint. The Superior Court denied appellant's appeal finding that there was nothing in the record to support appellant's claim that the plea agreement encompassed any agreement by the Commonwealth to *nol pros* the charges in the first complaint. This Court granted allocatur to determine whether the Commonwealth can remove a *nol pros* and refile criminal charges against a criminal defendant when the *nol pros* was entered on the same day

---

8. Appellant, as the party appealing, bears the burden of reproducing any relevant related matter contained in the trial court record. *See* Pa.R.A.P. 2152. Noticeably absent from the record filed was the plea agreement appellant admitted to reading and signing as to the charges contained in the second complaint. Accordingly, this Court will not disturb the trial court's finding of fact that the guilty plea agreement contains no reference that it encompasses the charges raised in the first complaint, especially since appellant does not dispute that finding.

180

that the criminal defendant pled guilty to other criminal charges resulting from a separate and unrelated criminal incident.

A *nolle prosequi* is a voluntary withdrawal by a prosecuting attorney of proceedings on a particular criminal bill or information, which at anytime in the future can be lifted upon appropriate motion in order to permit a revival of the original criminal bill or information. *Commonwealth v. Whiting*, 509 Pa. 20, 22–23, 500 A.2d 806, 807 (1985). Since a *nolle prosequi* acts neither as an acquittal nor a conviction, double jeopardy does not attach to the original criminal bill or information. *Commonwealth v. Hart*, 427 Pa. 618, 235 A.2d 391, 393 (1967); *Commonwealth v. McLaughlin*, 293 Pa. 218, 223, 142 A. 213, 216 (1928); *Accord Commonwealth v. Perillo*, 426 Pa.Super. 1, 6, 626 A.2d 163, 165, *appeal denied*, 535 Pa. 674, 636 A.2d 633 (1993); *Commonwealth v. Reider*, 255 Pa.Super. 163, 166, 386 A.2d 559, 560 (1978).

In order for appellant's position to have merit, appellant must prove that there was an actual representation by the Commonwealth or that there was a representation made by the Commonwealth which led appellant to reasonably believe that his guilty plea agreement included an agreement by the Commonwealth to *nol pros* the charges in the first complaint as a condition of the guilty plea. The record here, however, fails to provide the needed evidence. The Commonwealth's motion to *nol pros* the charges included in the first complaint explicitly stated that the Commonwealth was undertaking this action because it had insufficient evidence at that time to sustain its burden of proof. Nowhere in the motion or on record does it state that the *nol pros* was being sought in conjunction with a plea agreement to the other charges. Also, per the trial court, the written plea agreement which appellant admitted to reading, signing and understanding, failed to state that the *nol pros* of the charges in the first complaint was in any manner an inducement or part or condition of the plea agreement.

Similarly, the guilty plea colloquy fails to establish an interrelationship between the two cases. Appellant points to the above described verbal plea colloquy where a vague reference was made by appellant's defense counsel to a "collateral charge" and to an "understanding which was a corollary to this plea" to establish the interrelationship to these two cases. Under such a slender thread does this appellant hang his hope of acquittal on these charges. However, at the hearing on appellant's motion to dismiss the reinstated charges relating to the first complaint, the Potter County assistant district attorney involved in both the guilty plea agreement and the *nol pros* motion vehemently denied that there was any type of "package plan" in order to induce appellant to plead guilty to the charges contained in the second complaint. The assistant district attorney also stated that she consistently rejected any overtures made by appellant to persuade the Commonwealth to agree to such a deal. The trial court found this uncontroverted testimony to be credible and we will not disturb that finding. *See Commonwealth v. Jackson,* 506 Pa. 469, 485 A.2d 1102 (1984) (a determination of the credibility of witnesses is within the sole province of the trier of fact). Thus, appellant fails to carry his burden to establish how he could have reasonably understood the existence of an interrelationship between the guilty plea agreement and the entry of the *nolle prosequi.*

Furthermore, appellant's reliance on *Commonwealth v. Diaz,* 477 Pa. 122, 383 A.2d 852 (1978) to support his claim is misplaced. This Court noted in *Diaz* that the Commonwealth's participation in a plea agreement may under some circumstances preclude the removal of a *nol pros.* 477 Pa. at 127, 383 A.2d at 855. In *Diaz,* the defendant was initially charged with attempted rape, kidnapping, indecent assault and simple assault in connection with a single incident. The defendant subsequently pleaded guilty to the attempted rape charge. In exchange for that guilty plea, the Commonwealth expressly stated on the record before the trial court that the Commonwealth would *nol pros* the remaining three charges arising in the case. Despite the plea agreement, the Common-

wealth subsequently rearrested the defendant on the charge to which he pleaded guilty as well as the charges which the Commonwealth agreed to *nol pros.* This Court held that under those circumstances, the plea agreement foreclosed the lifting of the *nol pros* since the *nol pros* was a *quid pro quo* part of the plea bargain and that appellant was placed in jeopardy when he pleaded guilty in conjunction with the plea bargain and the sentence for the crimes for which he was accused. *Id.,* 477 Pa. at 124–26, 383 A.2d at 854.

The present case, however, is clearly distinguishable from *Diaz.* Here, the charges of the first complaint where the Commonwealth filed a motion to *nol pros* involved a completely unrelated criminal incident than the incident that resulted in appellant's guilty plea. Moreover, unlike the circumstances in *Diaz,* here no evidence exists that the Commonwealth ever agreed to *nol pros* the charges in the first complaint in return for appellant's guilty plea to the charges in the second complaint. Thus, jeopardy does not attach to bar the Commonwealth from reinstating the charges contained in the first complaint. Accordingly, *Diaz* does not provide appellant with relief from prosecution for these reinstated charges. *See Hart, supra (nolle pros* of original indictment did not prevent Commonwealth from trying and convicting a criminal defendant on a second indictment for the same charges); *Perillo, supra* (pursuant to plea agreement, criminal defendant pled *nolo contendere* to terroristic threats while the Commonwealth agreed to *nol pros* the harassment charge; criminal defendant's constitutional and statutory rights against double jeopardy did not preclude later prosecution for simple assault, terroristic threats and harassment since a *nol pros* does not act as an acquittal or conviction and the two prosecutions arose from separate criminal episodes that occurred seven months apart).[9]

9. Unlike *Diaz,* jeopardy did not attach in *Perillo* because the Commonwealth could prove the elements of the second offense without reproving the defendant's conduct from the first offense which occurred seven months earlier to which he entered a *nolo contendere* plea.

In conclusion, participation by the Commonwealth in a plea agreement can in some instances preclude the refiling of charges which have been voluntarily dismissed pursuant to a Commonwealth motion to *nol pros* if the criminal defendant may have reasonably believed that the entry of the *nol pros* was an inducement to enter into the guilty plea. In this case, however, no evidence of record exists which would have led appellant to reasonably believe that the entry of the *nol pros* on the charges contained in the first complaint was intended to be an inducement or was an actual inducement to get appellant to plead guilty to the charges contained in the second complaint. Thus, no bar existed as to the refiling of the four charges from the first complaint which were voluntarily dismissed pursuant to the Commonwealth's motion to *nol pros.*

Accordingly, the order of the Superior Court affirming the judgment of sentence is affirmed.