OPINION
PER CURIAM.
Michael John Piskanin, Jr. appeals from an order of the United States District Court for the Western District of Pennsyl *684 vania that dismissed his petition for a writ of habeas corpus as moot. Because the appeal presents no substantial question, we will summarily affirm the District Court’s judgment.
I.
Piskanin filed a habeas petition and supplement in the District Court, seeking pretrial relief regarding a pending state court trial. At the time he filed his petition, he was awaiting trial in Butler County, Pennsylvania, on “check related charges,” filed at Nos. 142 and 822 of 2006, that he believed were barred by double jeopardy due to convictions on the same or similar charges in Lehigh County for which he already had been tried. He also raised a claim that his rights to presentment to a grand jury and indictment by a grand jury were violated. Piskanin contended that he had exhausted his double jeopardy issue by way of a state habeas petition in Butler County, an appeal to the Pennsylvania Superior Court, and petition for allowance of appeal to the Pennsylvania Supreme Court.[1] The assigned Magistrate Judge issued a report and recommendation to dismiss the habeas petition, determining sua sponte that Piskanin’s claims were unexhausted. Piskanin filed objections, asserting that he had made an agreement with the Lehigh County prosecutor to have all pending charges tried in a single trial, that he was found guilty of some charges and acquitted of other charges in April 2005, and that in December 2005, the Butler County prosecutor initiated charges for offenses that already were part of the Le-high County prosecution. Piskanin again contended that he had exhausted all of his available state court remedies in the state courts. The District Court adopted the report and recommendation and dismissed the petition in an order entered February 25, 2008. Piskanin filed a notice of appeal, as well as an application for a COA.
Our Court granted a COA, and directed the parties to show cause why the District Court’s order entered February 25, 2008 should not be vacated and the case summarily remanded pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6, so that the District Court might consider the habeas petition with the benefit of the state court record.[2] After receiving no responses, this Court entered an order remanding the matter to the District Court with instructions to consider Piskanin’s habeas petition with the benefit of the state court record. See Piskanin v. Krysevig, C.A. No. 08-1683 (3d Cir. Nov. 21, 2008).
On remand, the District Court dismissed Piskanin’s petition, noting that it was “in receipt of a copy of an Order of the Court of Common Pleas of Butler County dated December 19, 2008, dismissing the charges [at Nos. 142 and 822 of 2006] against Petitioner.” Dist. Ct. Mem. Order at 1. The Court reasoned that habeas relief was not available because habeas relief is only available when a petitioner seeks to invalidate the duration of his confinement, and because Piskanin had attained all the relief he sought, i.e., dismissal of the charges against him. The Court declined to issue a COA. Piskanin timely appealed, and has filed a petition for a COA. Piskanin has also indicated his opposition to this Court’s *685 notification that it might pursue summary action.
II.[3]
Piskanin argues in his filings in this Court that the District Court wrongly dismissed his petition as moot. He argues that because a Nolle Prosequi was entered in the Butler County case, rather than an outright dismissal of the charges, under Pennsylvania law, the disposition “does not effectively afford lasting relief to petitioner.” See Commonwealth v. Ahearn, 543 Pa. 174, 670 A.2d 133, 135 (1996) (“Since a nolle prosequi acts neither as an acquittal nor a conviction, double jeopardy does not attach to the original criminal bill or information.”). He asks this Court to declare that the Butler County charges are violative of the Double Jeopardy clause.
A federal court may decide a case only if it presents an Article III case or controversy. See Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). The relevant question is whether Piskanin has suffered, or is threatened with, “an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.” Id. Piskanin has not demonstrated any concrete and continuing injury or collateral consequence that remains following the entry of nolle prosequi in the Butler County proceedings. He seeks to be “protected] ... from having to raise double jeopardy claims in future criminal prosecutions involving the same charges and fact base.” COA petition at 2. However, the possibility that the Commonwealth will at some point in the future reinstate the Butler County charges against him is “so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article Ill’s restriction of power.” Burkey v. Marberry, 556 F.3d 142, 149 (3d Cir.2009) (delayed commencement of habeas petitioner’s supervised release was not a “continuing injury” as likelihood that a grant of relief would affect the term of his supervised release was speculative). We thus find that the District Court properly dismissed Piskanin’s habeas petition as moot.
For the foregoing reasons, we will summarily affirm the District Court’s judgment.

. In his habeas petition, he stated that both appellate courts denied relief, but he also stated that his attempt to appeal to the state Supreme Court was obstructed by prison officials. In his earlier application for a certificate of appealability ("COA”) filed in this Court (filed in Court of Appeals No. 08-1683), he clarified that he exhausted his state court appeals but was unable to appeal to the United States Supreme Court due to interference.

. See Evans v. Court of Common Pleas, 959 F.2d 1227, 1234-35 (3d Cir.1992) (pretrial federal habeas review may exist for state defendant seeking to prevent Double Jeopardy Clause violation).

. We have jurisdiction pursuant to 28 U.S.C. § 1291 to consider an appeal of the District Court’s final decision. Even without a certificate of appealability, we retain jurisdiction to consider whether the District Court complied with our mandate. See Gibbs v. Frank, 500 F.3d 202, 205-06 (3d Cir.2007); Mickens-Thomas v. Vaughn, 355 F.3d 294, 303 (3d Cir.2004). The District Court here did not, of course, strictly follow our mandate; i.e., consider Piskanin's habeas petition with the benefit of the state court record. However, as noted below, we agree with the District Court that Piskanin's petition is moot. The District Court thus properly dismissed the petition instead of strictly complying with the mandate.
To the extent a certificate of appealability is necessary, we deny Piskanin’s application. Jurists of reason would not debate the propriety of the District Court's decision to dismiss the petition as moot. See Miller-El v. Cock-rell, 537 U.S. 322, 338, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).