IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
v.    : No. 841 C.D. 2022
    : Submitted: November 6, 2023
Thomas W. Olick,    :
    :
    Appellant    :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE MICHAEL H. WOJCIK, Judge
    HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK    FILED: January 30, 2024


Thomas W. Olick (Olick) appeals *pro se* from an order of the Northampton County Court of Common Pleas (trial court) that denied his summary appeal, found him guilty, and imposed a $100 fine for violating Section 515-2 of the Code of the City of Easton (Code and City, respectively),[1] a local sidewalk

---

[1] Code of the City of Easton, Pa., *as amended*, §515-2 (2008). Section 515-2 of the Code provides as follows:

> Sidewalks, curbs and gutters to be kept in repair; compliance with [Americans with Disabilities Act, 42 U.S.C. §§12101-12213,] and [Uniform Federal Accessibility Standards (UFAS)].
>
> A. It shall be the duty of the owners of lots or real estate abutting any street to keep the sidewalks, curbs, curb ramps, tree wells, grass strips, driveway crossovers and gutters in front of the property in

**(Footnote continued on next page…)**

ordinance. Olick argues that the trial court erred when it rejected his argument that the present violation should be barred by res judicata, collateral estoppel, or double jeopardy when an earlier violation of the sidewalk ordinance was withdrawn and dismissed. Olick also argues that the trial court erred in interpreting and applying the sidewalk ordinance to find him guilty. After careful review, we affirm.

The relevant facts as found by the trial court from the record are as follows.[2] Olick was cited in June 2021 by the City for violating Section 515-2 of the City's Code by failing to maintain the sidewalk on property he owned at 1220 Chidsey Street in the City (property). Olick was found guilty by a Magisterial District Judge and fined $100. Trial Court Opinion, 3/7/22, at 1; Original Record (O.R.) at Item 2. Olick appealed his conviction to the trial court, which held a *de novo* hearing on December 20, 2021. At that hearing, the City Engineering

good and sufficient repair at all times, except as follows: From and after October 14, 1971, in such cases where the owner or owners of abutting property have replaced curbs, or where the City has replaced gutter areas along such curb replacements with bituminous materials, or in areas where streets have been reconstructed and new paving has been placed curb to curb, it shall thereafter be the duty of the Department of Public Works of the City to keep such areas from curb to curb in good and sufficient repair at all times.

B. Changes in level between adjacent sidewalk slab elevations shall comply with the Americans with Disabilities Act (ADA) guidelines and Uniform Federal Accessibility Standards (UFAS).

C. Tree wells, grass strips and planting areas adjacent to sidewalks shall be maintained in a manner which does not constitute a tripping hazard.

[2] The Trial Court Opinion, March 7, 2022, may be found in the Reproduced Record (R.R.) at (unnumbered pages) 47-51. Because the Reproduced Record was not paginated pursuant to Pa.R.A.P. 2173, the page numbers refer to the electronic pagination. The Trial Court Opinion, March 7, 2022, may also be found in the Original Record (O.R.) at Item No. 2.

Technician, Russell Budd, testified that the sidewalk in front of the property was sunken approximately three inches below the curb line and constituted a tripping hazard, and the sidewalk slabs were cracked and falling apart. Trial Court Opinion at 2. The City introduced photographs of the sidewalk at the property taken in June or July 2021, which showed the condition of the sidewalk at the time the citation was issued. Mr. Budd testified that it remains the responsibility of the property owner to maintain his or her sidewalks. Olick testified that he has owned the property since 1986, and he did not dispute that the sidewalk remained in a state of disrepair. *Id.* at 2, 5.

The trial court noted that previous citations were issued against Olick for similar violations on the property in 2017. Trial Court Opinion at 2. On November 18, 2019, a hearing was held on the previous citations before the Honorable Anthony S. Beltrami. The trial court stated "[a]t the time of that hearing, prior to any testimony being taken, the citation [for violation of the sidewalk ordinance on the property] was voluntarily withdrawn by the City, and no testimony was presented with regard to the condition of the property[]." *Id.* "Testimony was taken related to the remaining citation regarding [a different] property[;] however, no judgment was entered, and the matter was continued generally pending the resolution of outstanding litigation between [] Olick and the City."[3] *Id.* The second citation regarding Olick's other property was later re-listed and dismissed when City

---

[3] Olick filed a civil action against the City, the Easton Suburban Water Authority, and two City officials, alleging that the City or the Easton Suburban Water Authority should be responsible for repairing the damage to the sidewalks at the property, and at another property, because those entities negligently or fraudulently damaged his property while they were repairing water pipes. On appeal to this Court, we affirmed the trial court's dismissal of Olick's appeal based on governmental immunity. *Olick v. City of Easton* (Pa. Cmwlth., No. 863 C.D. 2018, filed April 4, 2019).

3

witnesses were unavailable due to being furloughed during the COVID-19 pandemic. *Id.* at 3.

At the December 20, 2021 hearing on the current citation, Olick argued that the current citation should be dismissed based on res judicata, collateral estoppel, or double jeopardy, because the earlier sidewalk violation had been withdrawn and dismissed with prejudice.[4] Trial Court Opinion at 3. The trial court discussed only the double jeopardy argument because Olick provided no authority that res judicata or collateral estoppel applied to his summary proceeding. *Id.* at 3. The trial court opined that double jeopardy protections may be asserted for a violation of a municipal ordinance, citing in support *Borough of Walnutport v. Dennis*, 114 A.3d 11 (Pa. Cmwlth. 2015). Trial Court Opinion at 3. The trial court further stated that under the Crimes Code, prosecution for a violation of the same provision of a statute, based on the same facts as a former prosecution, is barred if the former prosecution resulted in an acquittal, conviction, or was terminated, as defined in Section 109(2) of the Crimes Code,[5] 18 Pa. C.S. §109(2). Section 109(2) of the Crimes Code defines "termination" as necessarily requiring "a determination inconsistent with a fact or a legal proposition that must be established for conviction of the offense." *Id.* at 3-4.

The trial court reviewed the entire transcript of the November 18, 2019 hearing on the previous citations[6] and determined that Olick's double jeopardy argument was misplaced. Trial Court Opinion at 3-4. The trial court stated:

---

[4] *See* R.R. at 32 or O.R. at Item No. 2.

[5] 18 Pa. C.S. §§101-9546.

[6] Trial Court Hearing, 11/18/19. *See* O.R. at Item No. 24.

4

On November 18, 2019, the citation related to the [] property [] was withdrawn by the City prior to the taking of any testimony. There was no record made on that date with regard to the sidewalks located at [] [the property], which was the subject of the citation litigated in the instant matter on December 20, 2021. Again, at the time of the November 18, 2019 hearing, the [c]ourt made no final determination as to the 2017 citation for the property[], because the citation was withdrawn prior to the taking of any testimony.

*Id.* at 4 (footnote omitted). The trial court reasoned that double jeopardy attaches when the jury is sworn, or, in a bench trial, when the trial court begins to hear evidence, citing *Commonwealth v. Jones*, 676 A.2d 251 (Pa. Super. 1996). Trial Court Opinion at 4. The trial court further reasoned that a decision to *nolle pros* charges does not implicate double jeopardy, because the decision to voluntarily end a prosecution is not the equivalent of a conviction or acquittal, citing in support *Commonwealth v. Ahern*, 670 A.2d 133, 135 (Pa. 1996). Trial Court Opinion at 4. The trial court concluded there was no acquittal or termination of the prosecution of the 2017 citation, within the meaning of Section 109 of the Crimes Code, such that the 2021 citation could be considered barred by double jeopardy. *Id.*

The trial court further concluded that the 2017 citation and the 2021 citation are distinct. Trial Court Opinion at 4. The trial court stated:

The citation issued on or about June 14, 2021[,] was based on the condition of the sidewalk as it existed on that date. [] The 2021 violation "is a new violation. Thus, a single criminal episode does not exist between . . . the prior citation, and the [2021] citation . . . and double jeopardy protections did not attach. To conclude otherwise would essentially give [Olick] a free pass from [ever complying with the ordinance.]"

*Id.* at 4-5 (citing in support and quoting *Commonwealth v. Comensky* (Pa. Cmwlth., No. 28 C.D. 2016, filed October 31, 2016)).

5

The trial court then addressed the substantive elements of the citation and found that Olick "admitted that he has owned the property since 1986, and he does not dispute that the sidewalk remains in a state of disrepair." Trial Court Opinion at 5. The trial court concluded that the sidewalk ordinance was "unambiguous" and requires property owners to keep their sidewalks in good repair at all times. *Id.* The trial court rejected Olick's argument that the condition of the sidewalk "is the result of some indeterminate work by a vaguely identified third party" because the sidewalk ordinance "contains no exception for third-party activity." *Id.* The trial court concluded that Olick bears the ultimate responsibility for the sidewalk as the property owner, and the record made was "clearly insufficient" to find liability against any other party. *Id.*

The trial court dismissed Olick's appeal. Olick appealed to Superior Court, which transferred the appeal[7] to this Court.[8]

As to the double jeopardy issue, Olick repeats the arguments that he made before the trial court, and he provides no argument in support of applying the civil legal concepts of res judicata or collateral estoppel to the summary proceedings before the trial court. The Commonwealth urges this Court to reject Olick's double jeopardy argument based on Section 109(2) of the Crimes Code and case law analyzing double jeopardy as applied to violations of a municipal ordinance.

As this Court has explained:

---

[7] The Superior Court order transferring this appeal to our Court was received and entered on our docket on August 10, 2022.

[8] Where the trial court receives additional evidence in deciding a *de novo* appeal from a summary conviction, our review is limited to considering whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Halstead*, 79 A.3d 1240, 1242 (Pa. Cmwlth. 2013).

6

The act of trying a defendant twice for the same criminal charge, what is commonly referred to as "double jeopardy," is clearly prohibited by both the Pennsylvania Constitution ([a]rticle I, [s]ection 10, Pa. Const. art. I, §10), as well as the Fifth Amendment of the United States Constitution, [U.S. Const. amend. V]. Municipal ordinances, which are summary offenses and governed by the Pennsylvania Rules of Criminal Procedure,[] and defendants are afforded the same protections as defendants in criminal proceedings. *Commonwealth v. Harchelroad*, [623 A.2d 878, 879 n.1 (Pa. Cmwlth. 1993)].

*Commonwealth v. Hall*, 692 A.2d 283, 284-85 (Pa. Cmwlth. 1997) (footnote omitted).

Under Pennsylvania law, as relevant here, jeopardy attaches in a bench trial when the trial court begins to hear evidence. *Commonwealth v. Micklos*, 672 A.2d 796, 799 (Pa. Super. 1996).[9] In *Borough of Walnutport*, 114 A.3d 11, our Court considered whether a defendant who was found guilty of violating a local ordinance for failing to pay a garbage removal fee was entitled to have his violation dismissed on double jeopardy grounds because two earlier citations for failing to pay a garbage removal fee had been dismissed. We concluded that double jeopardy did not bar the defendant from being prosecuted for his 2013 failure to pay the garbage removal fee, because the earlier dismissals were for violations that occurred in 2004 and 2008. *Id.* at 20. The Court explained that

the current violation deals with the failure to pay the bill for services rendered in the first half of 2013, which is a new violation. Thus, a single criminal episode does not exist between any of the prior citations and the 2013 citation. The trial court did not err in determining double jeopardy protections did not attach. To conclude

---

[9] "In general, Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Compensation Board of Review*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

> otherwise would essentially give [the defendant] a free pass from paying all future bills for garbage removal.

*Id.*

After careful review of the entire transcript of the Trial Court Hearing, November 18, 2019, regarding the 2017 citations, we discern no error of law or abuse of discretion in the trial court's conclusion that double jeopardy did not attach and does not bar Olick from being prosecuted for violating the sidewalk ordinance in 2021. The Commonwealth withdrew the 2017 citation because Olick, at that time, owned only a 5% interest in the property, and the City believed that the sidewalk ordinance did not give it authority to prosecute an owner with less than 100% ownership. Trial Court Hearing, 11/18/19, Notes of Testimony at 9-10. The trial court took no testimony at that time on the condition of the sidewalks on the property. *Id.* at 1-10. The fact that the trial court took testimony regarding sidewalk conditions at a *different* property owned by Olick and ultimately continued that matter is not relevant to the sidewalk conditions at the property here. *Id.* at 10-55.

Further, Olick's 2017 citation and his 2021 citation relate to the sidewalk conditions at the property at two different points in time. Olick's 2021 citation is a "new violation" that is not barred by double jeopardy. *Borough of Walnutport*, 114 A.3d at 20. *See also Comensky*, slip op. at 5-6.[10] To conclude otherwise would essentially give Olick a free pass for continued violations of the sidewalk ordinance at the property, which we may not do. *Borough of Walnutport*, 114 A.3d at 20. In addition, because the 2021 citation is a new violation, proven by evidence of the sidewalk conditions in 2021, prosecution on the 2017 citation was not "terminated" as defined in Section 109(2) of the Crimes Code. The 2017 citation

---

[10] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

did not require a determination inconsistent with a fact or legal proposition to be established for the 2021 citation because, again, the 2021 citation was based on the then-current sidewalk conditions at the property, and not on the sidewalk conditions in 2017, on which no evidence was taken by the trial court.

As to the second issue, Olick argues that the trial court erred in interpreting and applying the sidewalk ordinance to him as the owner because he believes that the City or the Easton Suburban Water Authority should be held responsible for the conditions of his sidewalk. The plain language of the sidewalk ordinance places responsibility on the property owner and not on a third party. Before the trial court here, Olick admitted that he has owned the property since 1986 and the sidewalk remains in a state of disrepair. Further, our Court has already decided that Olick's attempts to hold the City or the Easton Suburban Water Authority liable are without merit. *Olick v. City of Easton* (Pa. Cmwlth., No. 863 C.D. 2018, filed April 4, 2019).

Accordingly, we affirm the trial court's order.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
       v.                : No. 841 C.D. 2022
    :
Thomas W. Olick,           :
    :
          Appellant    :

# **O R D E R**

AND NOW, this 30th day of January, 2024, the Order of the Court of Common Pleas of Northampton County dated January 6, 2022, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge