J-A10021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RASHEED HOOPER | : | No. 975 EDA 2023 |

Appeal from the Order Entered March 8, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003984-2022

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and BECK, J.

MEMORANDUM BY BECK, J.:                       **FILED JULY 12, 2024**

The Commonwealth appeals from the order entered by the Philadelphia County Court of Common Pleas (the "trial court") denying its motion to vacate entry of discharge and lift the trial court's order of nolle prosequi ("nol pros") against Rasheed Hooper ("Hooper").  Upon review, we reverse and remand for further proceedings.

A recitation of the factual history is unnecessary to our disposition.  The record reflects that following an incident on April 12, 2022, Hooper was charged with terroristic threats and four firearms violations.[1]  After a preliminary hearing on May 18, 2022, the trial court scheduled a status

---

[1] 18 Pa.C.S. §§ 2706(a)(1), 6105(a)(1), 6106(a)(1), 6108, 6110.2(a).  The Commonwealth withdrew a possession of instruments of a crime charge.  *Id.* § 907(a).

conference for June 22, 2022. Hooper requested a continuance to conduct further investigation, which the trial court granted. The trial court continued the conference to August 11, 2022, and scheduled Hooper's bench trial for November 28, 2022. On November 28, 2022, the Commonwealth requested a continuance because of incomplete discovery and two of its police officer witnesses were unavailable—one was ill and the other was listed as injured on duty ("IOD") status. The trial court granted the continuance, marked the case as "must be tried," and rescheduled the trial to December 8, 2022. On December 8, 2022, the Commonwealth provided the outstanding discovery, but again indicated that the two police officers were unavailable for the same reasons. The Commonwealth requested a continuance, which the trial court denied. The Commonwealth then moved to nol pros the matter, which the trial court granted.

Shortly thereafter, on December 19, 2022, the Commonwealth filed a motion to vacate the entry of nol pros, stating that one of its witnesses had recovered from illness and was available. After a March 8, 2023 argument, the trial court denied the motion. The Commonwealth filed a motion for reconsideration, which the trial court denied. The Commonwealth filed a timely appeal and complied with the trial court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), in which it raised the following issue: "Did the lower court err by denying the

Commonwealth's motion to remove the order of nolle prosequi?" Rule 1925(b) Statement, 4/26/2023.

In its brief before this Court, the Commonwealth rephrases the issue for our review as follows:

> Did the lower court err in denying the Commonwealth's motion to vacate the entry of nolle prosequi, where the Commonwealth had been forced to choose between proceeding to trial without witnesses or moving for nolle prosequi, the Commonwealth timely and diligently moved to vacate the nolle prosequi as soon as it learned its witness had recovered from illness, and the lower court denied the motion on the legally erroneous conclusion that the Commonwealth could reinstate the charges on its own volition and without leave of court?

Commonwealth's Brief at 4. Hooper, however, contends that the Commonwealth waived this issue because its Rule 1925(b) statement was "so vague that it fail[ed] to preserve any issue for appellate review." Hooper's Brief at 8. The Commonwealth responds by arguing against waiver, maintaining there was only one possible appealable issue: the propriety of the trial court's pretrial order denying the motion to vacate the nol pros. Commonwealth's Brief at 4. It contends its Rule 1925(b) statement was sufficiently specific and concise, noting that the issue raised therein was the subject of filed motions and oral argument and did not confuse the trial court since the court addressed the issue in its opinion. *Id.* at 6.

"The function of the concise statement is to clarify for the judge who issued the order the grounds on which the aggrieved party seeks appellate review – so as to facilitate the writing of the opinion." ***Commonwealth v.***

***Rogers***, 250 A.3d 1209, 1224 (Pa. 2021) (citing Pa.R.A.P. 1925(b)). "Any issues not raised in a 1925(b) statement will be deemed waived." ***Commonwealth v. Lord***, 719 A.2d 306, 309 (Pa. 1998); ***see also*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."). A "claim or argument that is substantially underdeveloped can amount to the functional equivalent of no argument at all, and on that basis be deemed waived." ***Rogers***, 250 A.3d at 1224 (quotation marks and citations omitted).

Our Supreme Court has declined to find waiver in circumstances where the brevity of a Rule 1925(b) statement did not prevent meaningful appellate review. In ***Commonwealth v. Laboy***, 936 A.2d 1058 (Pa. 2007) (per curiam), Laboy's Rule 1925(b) statement was very brief and the trial court nonetheless addressed the merits of his insufficient evidence claim in a Rule 1925(a) opinion. This Court reversed, finding the claim waived because of its brevity. Our Supreme Court reversed again, rejecting the Commonwealth's argument that the claim should be waived for vagueness because Laboy failed to specify "why he considered the evidence insufficient or how the trial court had erred." ***Id.*** at 1059-60. Rather, the ***Laboy*** Court held that the Superior Court "should have afforded the requested sufficiency review" because it was a "relatively straightforward" case with a short trial transcript and the trial

court "readily apprehended [Laboy's] claim and addressed it in substantial detail." *Id.* at 1060.[2]

Likewise, in *Rogers*, our Supreme Court addressed whether Rogers' weight-of-the-evidence claim was waived for lack of development in his Rule 1925(b) statement. The Superior Court found the claim waived because Rogers, who was convicted of more than three dozen offenses, failed to specify which verdicts he contended were against the weight of the evidence and why. *Rogers*, 250 A.3d at 1223 & n.15. Our Supreme Court granted allowance of appeal, finding that Rogers' claim was "readily understandable from context" and that "the trial court had no difficulty apprehending the claim as set forth in the concise statement and addressing its substance." *Id.* at 1224-25. Relying on *Laboy*, the Court held that the brevity of Rogers' Rule 1925(b) claim "did not prevent meaningful appellate review" and the Superior Court should have considered his claim on the merits. *Id.* at 1225.

Here, we note with disapproval that the Commonwealth's Rule 1925(b) statement did not set forth the specific basis for why it believed the trial court erred. *See* Rule 1925(b) Statement, 4/26/2023. Even so, the sole issue in this pretrial appeal is straightforward and evident from context; the argument transcript spans only four pages; and the trial court readily understood the

---

[2] Our Supreme Court, however, left open the possibility that "in more complex criminal matters" the trial court "may require a more detailed statement to address the basis for a sufficiency challenge." *Id.*

claim and addressed it on the merits in its Rule 1925(a) opinion. We therefore decline to find waiver, as the brevity of the Commonwealth's Rule 1925(b) statement does not prevent our meaningful review. *See Rogers*, 250 A.3d 1225; *Laboy*, 936 A.2d at 1060; *see also Commonwealth v. Landis*, 277 A.3d 1172, 1181-83 (Pa. Super. 2022) (relying on *Rogers* and *Laboy* to decline waiver where the Commonwealth's Rule 1925(b) claim was "easily understandable from context" and did not impede meaningful review).

Turning to the merits of the claim raised, the Commonwealth argues that the trial court erred by refusing to vacate the order of nol pros. According to the Commonwealth, the basis for the trial court's refusal—that the Commonwealth could instead refile charges and reinstate prosecution against Hooper without leave of court—was incorrect as a matter of law.[3] Commonwealth's Brief at 9-10, 16. Because a nol pros cannot be vacated without leave of court, the Commonwealth argues that the trial court's refusal to grant its motion to vacate the nol pros effectively ended the prosecution and was tantamount to a dismissal with prejudice. *Id.* at 9-10, 16-17. It contends that dismissal with prejudice is a severe sanction reserved for

---

[3] Hooper tacitly agrees that the trial court misinterpreted the law and argues that this Court should affirm based on the "right-for-any-reason" doctrine. Hooper's Brief at 11-13. In Hooper's view, this Court should affirm the trial court's decision because it had reasonable grounds to deny the motion to vacate the nol pros; the Commonwealth's representations in its motions and at oral argument were misleading with respect to the witnesses' unavailability; and the Commonwealth failed to present evidence in support of their unavailability. Hooper's Brief at 6-7, 14-24.

egregious circumstances not at issue here. *Id.* at 12-13, 16-17. The Commonwealth further argues that because it did not move for nol pros in exchange for other consideration, such as part of a guilty plea agreement, there is no reason the nol pros cannot be lifted. *Id.* at 15. The Commonwealth seeks reversal of the trial court's order and for us to remand with instructions to vacate the nol pros so that it can proceed with its prosecution of Hooper. *Id.* at 9-10, 17.

Trial courts have discretion to decide whether to grant or deny a nol pros based on two factors: "(1) whether the Commonwealth's reason for the request is reasonable; and (2) whether the defendant has a valid speedy trial claim." *Commonwealth v. Goldman*, 70 A.3d 874, 878 (Pa. Super. 2013) (citing *Commonwealth v. Reinhart,* 353 A.2d 848, 853 (Pa. 1976)). This Court reviews the trial court's denial of a motion to lift a nol pros for an abuse of discretion. *Id.* "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will." *Id.* at 879 (citation omitted).

A nol pros is a "voluntary withdrawal by the prosecuting attorney of present proceedings on a particular bill of indictment." *Id.* at 878 (quotation marks and citation omitted). Once an information is filed, court approval is required before a nol pros may be entered on a charge listed therein. 42

Pa.C.S. § 8932;[4] Pa.R.Crim.P. 585.[5]  The Commonwealth may move to vacate a nol pros at any time, but it can only be lifted with leave of court.  **_Goldman_**, 70 A.3d at 878 ("A nolle prosequi may be lifted at any time in the future, on appropriate motion, to revive the original charges.") (quotation marks and citation omitted); **_see also Commonwealth v. Ahearn_**, 670 A.2d 133, 135 (Pa. 1996) ("A nolle prosequi is a voluntary withdrawal by a prosecuting attorney of proceedings on a particular criminal bill or information, which at any[]time in the future can be lifted upon appropriate motion in order to permit a revival of the original criminal bill or information.") (citation omitted); **_Commonwealth v. Lord_**, 326 A.2d 455, 458 n.3 (Pa. Super. 1974) ("Although a nolle prosequi cannot be entered by the court of its own motion,

---

[4] Section 8932 provides:

> After the commencement of a criminal matter by the filing of an information or otherwise, the district attorney shall not enter a nolle prosequi or dispose of the matter or discharge a prisoner from custody by means of a proceeding in lieu of a plea or trial without having obtained the approval of the court.

42 Pa.C.S. § 8932.

[5] Rule 585 provides, in relevant part:

> Upon motion of the attorney for the Commonwealth, the court may, in open court, order a nolle prosequi of one or more charges notwithstanding the objection of any person.

Pa.R.Crim.P. 585(A).

it cannot be entered or removed without the assent of the proper court in writing first had and obtained.") (citations omitted).

In its opinion, the trial court here stated it denied the Commonwealth's motion to vacate the nol pros because it had dismissed Hooper's charges "without prejudice" and "the Commonwealth could have rearrested [Hooper] and refiled the charges against him." Trial Court Opinion, 8/4/2023, at 4; ***see also*** N.T., 3/8/2023, at 4 (at argument on motion to vacate nol pros, trial court stating, "The case is over. If the Commonwealth is interested in reinstituting prosecution they would rearrest. That's how this court deems [it] to be. That's this court's appropriate resolution. Refile, rearrest and being [sic] a new process.").[6]

We agree with the Commonwealth that the trial court abused its discretion based on the trial court's misapplication of the law. As noted, a nol pros may be lifted only upon motion with leave of court. ***See Ahearn***, 670 A.2d at 135; ***Goldman***, 70 A.3d at 878; ***Lord***, 326 A.2d at 458 n.3. The trial court's statements evidenced an intent to allow the Commonwealth to proceed again with its prosecution of Hooper, yet it effectively prohibited the Commonwealth from doing so because the nol pros remained in effect. We therefore conclude that the trial court erred as a matter of law when it stated

---

[6] The transcript lists the incorrect presiding judge; Judge Nicholas Kamau presided at the argument. ***See*** Docket Entry 44, 3/8/2023; ***see also*** Trial Court Opinion, 8/4/2023, at 2 n.2; Commonwealth's Brief at 7 n.2.

that the Commonwealth could refile charges against Hooper even though the nol pros had not been lifted.

The trial court's refusal to vacate the nol pros effectively dismissed Hooper's charges. *See Goldman*, 70 A.3d at 881.

> Dismissal of charges is an extreme sanction that should be imposed sparingly and only in cases of blatant prosecutorial misconduct. A dismissal punishes not only the prosecutor, but also the public at large because the public has a reasonable expectation that those who have been charged with crimes will be fairly prosecuted to the full extent of the law. Therefore, a trial court should consider dismissal of charges only where the actions of the Commonwealth are egregious and where demonstrable prejudice will be suffered by the defendant if the charges are not dismissed.

*Id.* (quotation marks and citations omitted).

In *Goldman*, two defendants were charged with firearms and related offenses. *Id.* at 877. The day before trial, Goldman's counsel notified the trial court that he was unavailable for trial the next day and sought a one-day continuance, which the trial court granted. *Id.* On the rescheduled trial date, the Commonwealth could not proceed because its police witnesses had not been subpoenaed due to a communication breakdown with the police-court liaison. *Id.* The trial court denied the Commonwealth's request for a continuance and presented it with a choice: nol pros the charges or have the case dismissed. *Id.* The Commonwealth moved to nol pros, which the trial court granted. *Id.* Within ten days, the Commonwealth moved to vacate the nol pros, assuring the court its witnesses would appear at trial and requesting

the earliest possible trial date. *Id.* at 877-78. The trial court denied the motion and the Commonwealth appealed. *Id.* at 878.

This Court reversed, remanded, and directed the trial court to lift the nol pros. *Id.* at 881. The *Goldman* Court explained the trial court abused its discretion because (1) there was no Pa.R.Crim.P. 600 speedy trial issue; (2) when the trial court offered the Commonwealth a choice between a request for nol pros or discharge, it "effectively terminated the prosecution with prejudice"; (3) although the Commonwealth could have exercised more diligence to ensure the police witnesses appeared for trial, it did not rise to the level of blatant prosecutorial misconduct; and (4) the co-defendants did not claim the delay prejudiced their ability to defend their cases. *Id.* at 880-81.

The record here does not reflect the trial court's intent to dismiss the charges with prejudice; to the contrary, the trial court's statements showed it fully anticipated Hooper would be prosecuted. *See* Trial Court Opinion, 8/4/2023, at 4; N.T., 3/8/2023, at 4. Nor does the record reflect blatant prosecutorial misconduct. The Commonwealth did not have control over the unavailability of its subpoenaed witnesses because of one officer's illness and the other's IOD status. As in *Goldman*, after the Commonwealth's request for continuance was denied, the trial court gave it the choice to proceed to trial without any witnesses or move for nol pros. Faced with certain acquittal or voluntary withdrawal, the Commonwealth opted for the latter. Eleven days

- 11 -

later, after one of its witnesses had recovered from illness and became available, the Commonwealth promptly moved to vacate the nol pros and schedule trial. When the trial court refused to lift the nol pros, it effectively terminated the prosecution with prejudice. ***See Goldman***, 70 A.3d at 881.

Hooper does not claim the delay prejudiced his ability to defend himself, nor is there an indication in the record of demonstrable prejudice to him, such as a violation of his speedy trial rights under Rule 600, the expiration of the statute of limitations, or that the Commonwealth moved for nol pros as part of a plea agreement or for other consideration. ***See generally*** Hooper's Brief; Commonwealth's Brief at 14-15; ***see also Goldman***, 70 A.3d at 880-81.

Based on the foregoing, we conclude the trial court abused its discretion in denying the Commonwealth's motion to vacate the nol pros. ***See Goldman***, 70 A.3d at 880-81. Therefore, we reverse the trial court's order, direct the trial court to lift nol pros and to reinstate the complaint.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/12/2024